IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) )  |
| v. | ) ) Criminal No. 1:21-cr-00040-TNM ) ) |
| **FREDERICO GUILLERMO KLEIN,** | ) ) |
| Defendant. | ) ) ) |

### DEFENDANT FEDERICO KLEIN'S MOTION IN LIMINE

Comes Now, Defendant Frederico Guillermo Klein, by and through undersigned counsel, and pursuant to Rules 401 and 403 of the Federal Rules of Evidence as well as the Court's March 4, 2022 Oral Order, and respectfully moves *in limine* for an Order precluding the government's use of certain exhibits at any trial in this matter.

Specifically, the government has created two video montage exhibits for use at trial. The first montage video is what the government calls the U.S. Capitol Police Compilation. It runs over 20 minutes in length. The purpose of the exhibit is to walk a factfinder through a highlight reel of the most inflammatory moments of the events of January 6, 2021, in dozens of places around the Capitol. It depicts image after image of property destruction, confrontations with law enforcement, and assault. The government aims to play this one-size-fits-all montage in Mr. Klein's trial, irrespective of whether he is alleged to be depicted in the video or was otherwise involved in or even saw any of the depicted conduct, entered the Capitol, confronted or disobeyed law enforcement, or committed or aided and abetted the property destruction or assaults depicted in the montage.

To analyze the U.S. Capitol Police Compilation through the rubric of the Federal Rules of Evidence is to miss a larger point. The montage is not merely improper evidence; it invites the

Court and any factfinder to ignore the basic criminal law principle forbidding collective punishment and that defendants are to be judged as individuals. Even so, use of the montage would constitute not just unfair prejudice but issues with relevance, confusion of the issues, undue delay, waste of time, and needlessly presenting cumulative evidence. Fed. R. Evid. 401, 403.

Federal Rule of Evidence 401 provides that: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Thus, in order for any evidence, including exhibits to be shown to the jury, it must be relevant. In this case, any footage or photographs of offenses that occurred on January 6, 2021, that do not depict Mr. Klein or his co-defendants in this case are not relevant to them, and certainly not relevant to Mr. Klein or any evidence that may be presented against him. For this reason, the compilation including images and footage from January 6 that depicts individuals that are not Mr. Klein or his codefendants should be excluded from trial.

Furthermore, even if the Court finds that this compilation is relevant, the exhibit should be excluded pursuant to Federal Rule of Evidence 403, which provides that "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Presenting this compilation and exposing the jury to images and footage of offenses and individuals that are not being tried before them presents a serious danger of unfair prejudice, confusing the issues, and misleading the jury. Considering the length of the video, it would also cause undue delay, is a waste of time, and needlessly presents cumulative evidence. It would

essentially cut into Mr. Klein's cross-examination time and therefore prejudice his Sixth Amendment right to confront the witnesses against him on the *actual issues* involved in this case. For these reasons, the compilation must be excluded.

Similarly, the Court should exclude the exhibit titled the "Official Proceeding Montage." Like the U.S. Capitol Police Compilation, the Official Proceeding Montage is a video designed for use at trial regardless of the facts or allegations in the particular case. Its function is to explain to the factfinder the constitutional basis for the joint session of Congress on January 6, 2021, describe the Elector Clause of and the Twelfth Amendment to the Constitution, and to show the President of the Senate and the Speaker of the House gaveling the joint session in and out of recess on January 6. The Official Proceeding Montage is irrelevant here because Mr. Klein's charges do not turn on Twelfth Amendment and Elector Clause niceties.  The Jury does not need to be educated on these points which just confuse the issues.  Even if the exhibit were somehow marginally relevant, any probative value would be substantially outweighed by undue delay, waste of time, and needless presentation of cumulative evidence. As with the U.S. Capitol Police Compilation, the Official Proceeding Montage would cut into Mr. Klein's cross-examination time on relevant issues and therefore prejudice his Sixth Amendment right to confront the witnesses against him.

Finally, in its disclosure of trial exhibits, as Ordered by the Court, the government produced a "General Evidence List" of exhibits potentially to be used at trial.  This "General Evidence List" does not conform with the spirit or the substance of the Court's requirement that the government provide defense counsel with an evidence list.  In addition to including the Official Proceeding Montage and U.S. Capitol Police Compilation, the list includes, for example, broad categories of information such as the "Scoped Cellphone" for Mr. Klein and each of his

co-defendants as well as "BWC Lower West Terrace Officers." A copy of this Exhibit List is attached as Exhibit A. Defense counsel should not be required to review broad categories of evidence and then identify, *for the government's benefit*, information and/or material that would arguably be prejudicial to Mr. Klein or his co-defendants and thereby warrant a motion *in limine* excluding the same. The Court ordered the disclosure of trial exhibits by April 22, 2022, so as to facilitate the filing of motions *in limine* by June 3, 2022 – any exhibit not specifically identified pursuant to the Court's instruction should be precluded from use at any trial in this matter.

## CONCLUSION

For the foregoing reasons, Mr. Klein respectfully requests this Court issue an Order excluding the use of the U.S. Capitol Police Compilation montage, the Official Proceeding montage, exhibits not specifically identified on the government's proffered General Evidence List, and any exhibit not previously disclosed to defense counsel by April 22, 2022.

[SIGNATURE ON NEXT PAGE]

Dated: June 3, 2022                              Respectfully submitted,


                                                  */s/ Stanley E. Woodward, Jr.*

Stanley E. Woodward, Jr.
(D.C. Bar No. 997320)
BRAND WOODWARD, ATTORNEYS AT LAW
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Frederico Guillermo Klein*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| | ) Criminal No. 1:21-CR-00040-TNM |
| v. | ) |
| | ) |
| **FEDERICO GUILLERMO KLEIN,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**CERTIFICATE OF SERVICE**

On June 3, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to the following registered parties:

                                                  */s/ Stanley E. Woodward, Jr.*
                                       Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                       BRAND WOODWARD, ATTORNEYS AT LAW
                                       1808 Park Road NW
                                       Washington, DC  20010
                                       202-996-7447 (telephone)
                                       202-996-0113 (facsimile)
                                       Stanley@BrandWoodwardLaw.com

                                       *Counsel for Defendant Frederico Guillermo Klein*