IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 1:21-cr-00040-TNM |
| | ) |
| FREDERICO GUILLERMO KLEIN, | ) |
| | ) |
| Defendant. | ) |

**MOTION TO JOIN AND ADOPT MR. DAVID LEE JUDD'S MOTION FOR SELECTIVE PROSECUTION AND FOR LIMITED DISCOVERY**

Federico Guillermo Klein, by and through undersigned counsel, and pursuant to Rule 2 of the Federal Rules of Criminal Procedure, hereby respectfully requests this Court permit him to adopt and join Defendant David Lee Judd's Motion to Compel Discovery in Support of Mr. Judd's Claim of Selective Prosecution (ECF NO. 138). Mr. Klein offers the following to supplement Mr. Judd's motion.

Mr. Klein recognizes that the Court had previously denied Mr. Judd's motion. However, the motion largely focused on Mr. Judd's alleged conduct of throwing a firework and comparing that conduct to others who had thrown fireworks while present at the Capitol, which is more serious than the conduct alleged against Mr. Klein. In fact, the government has not identified *any* evidence of any motive—any *mens rea*—by Mr. Klein to do anything other than what Judge Bates described as "hand-to-hand" activity. *United States v. Klein*, 533 F. Supp. 3d 1, 13 (D.D.C. 2021). Notably, the only evidence the government has identified in support of their Section 1512(c)(2) charge as against Mr. Klein are *videos*.

To that end, Judge Bates found in his order releasing Mr. Klein pretrial that "[a]ny evidence that Klein planned his conduct before arriving at the Capitol is noticeably absent [and] the government has proffered no evidence that Klein's [alleged] prolonged confrontation with

law enforcement or even his [alleged] attempt to breach the Capitol building were premeditated." *Id.* at 12. Finally, Judge Bates found that "there is no suggestion that [Mr. Klein] brought a weapon with him to the Capitol or carried any items that evidenced an 'expectation that the need to engage in violence against law enforcement or . . . the Legislative branch, might arise[,]' [but rather] was dressed in ordinary clothing." *Id.* at 12-13 (*quoting United States v. Chrestman*, 525 F. Supp. 3d 14, 26 (D.D.C. 2021)).

In short, Mr. Klein's conduct is not unlike most individuals who were alleged to have been in the tunnel, who engaged in "hand-to-hand" conduct, as opposed to bringing and/or utilizing a weapon or a dangerous object such as an explosive firework. And yet, only a handful of individuals in the tunnel have been charged and Mr. Klein, specifically, has faced a prosecutorial zeal that these other individuals have not. The government has repeatedly highlighted Mr. Klein's prior service as a Presidential appointee as a basis for this zeal and has now procedurally stymied his defense by joining him with other defendants (whom it is undisputed he had never met before) and using that joinder as the basis for refusing to agree to a bench trial in Mr. Klein's case. Simply put, the government has been selective in its prosecution of Mr. Klein based on his prior service as a Presidential appointee.

Consider, for example, the description of the protests at Lafayette Park in June of 2020:

> In the park, protesters faced the familiar pop, pop, pop of pepper bullets and stinging clouds of tear gas meant to push back hundreds of them as they tried, again and again, to break through the police barricades set up around President Trump's home. Later, American flags and parked cars and buildings were lit ablaze — including St. John's Church, a historic landmark opened in 1816 and attended by every president since James Madison. Firefighters quickly extinguished the basement fire, which police said was intentionally set . . . The smell of fire hung heavy in the air, and shattered glass speckled the pavement. Gone were the windows of the Lafayette Building, home to the U.S. Department of Veterans Affairs. Next door, all the outdoor umbrellas at the Opaline Bar and

Brasserie were warped and charred. As police and firefighters showed up to investigate, the destruction continued around them, the looters uncaring. [1]

In short, this case is a first-of-its-kind prosecution. This court has previously found that "[t]he very rarity of an official act can support a finding of discriminatory intent, although alone it may not necessarily be a sufficient basis for such a finding. *Branch Ministries, Inc. v. Richardson*, 970 F. Supp. 11, 17, (D.D.C.1997) (citing *United States v. Al Jibori*, 90 F.3d 22, 23, 26 & n. 1 (2d Cir. 1996)). Evidence of the government's discriminatory intent, here, is found by way of comparison to the only other reported cases of Section 1512(c)(2) prosecutions in this District, all of which differ substantially from the conduct with which Mr. Klein has been charged:

- *United States v. Hawkins*, 185 F.Supp.3d 114 (D.D.C. 2016): Defendant was found to have violated 1512(c)(2) where he "made false statements to FBI agents and the U.S. Attorney's Office in an attempt to influence the grand jury investigation into the GOTV initiative."
- *United States v. Ring*, 628 F.Supp.2d 195 (D.D.C. 2009): "It is enough that the indictment alleges the elements of obstructing justice as set out under § 1512(c)(2): that Ring (1) corruptly (2) did or attempted to obstruct, influence, or impede an official proceeding by providing false statements to Firm B's outside counsel 'to cause and in an attempt to cause' those misrepresentations to be provided to the grand jury and Indian Affairs Committee."
- *United States v. Robertson*, 608 F.Supp.2d 89 (D.D.C. 2009): In this case, it was alleged the "defendants worked together to obstruct justice" in violation of § 1512(c)(2) in a 2008 trial by obstructing manufacturing false evidence and producing perjured testimony.
- *United States v. Brown*, 2007 WL 2007513 (D.D.C. 2007). Defendants were charged with violation of § 1512(c)(2) relating "to their investigation" of a murder, which included "their interactions with witnesses during their investigation."

There are no cases in which protestors have been charged with obstruction pursuant to Section 1512(c)(2).[2]

---

[1] Rebecca Tan, Marissa J. Lang, Antonio Olivo, Rachel Chason and John Woodrow Cox, Night of destruction across D.C. after protesters clash with police outside White House, *The Washington Post* (June 1, 2020), available at https://www.washingtonpost.com/local/dc-braces-for-third-day-of-protests-and-clashes-over-death-of-george-floyd/2020/05/31/589471a4-a33b-11ea-b473-04905b1af82b_story.html.

[2] *See United States v. Granderson*, 511 U.S. 39, 54 (1994) (Under the Rule of Lenity, "where text, structure, and history fail to establish that the government's position is unambiguously correct," courts must "apply the rule of lenity and resolve the ambiguity in [the defendant's] favor.").

For these reasons, Mr. Klein respectfully request that the court grant this Motion to Join and Adopt Defendant Judd's Motion to Compel as to Mr. Klein, and as such compel the government to disclose all correspondence concerning its charging decisions as to Mr. Klein.

[SIGNATURE ON NEXT PAGE]

Dated: June 3, 2022                            Respectfully submitted,


                                              */s/ Stanley E. Woodward, Jr.*

Stanley E. Woodward, Jr.
(D.C. Bar No. 997320)
BRAND WOODWARD, ATTORNEYS AT LAW
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Frederico Guillermo Klein*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )<br>)<br>) **Criminal No. 1:21-CR-00040-TNM**<br>) |
| v. | ) |
| **FEDERICO GUILLERMO KLEIN,** | )<br>) |
| **Defendant.** | )<br>) |

## CERTIFICATE OF SERVICE

On June 3, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to the following registered parties:

                                         */s/ Stanley E. Woodward, Jr.*
                                  Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                  BRAND WOODWARD, ATTORNEYS AT LAW
                                  1808 Park Road NW
                                  Washington, DC  20010
                                  202-996-7447 (telephone)
                                  202-996-0113 (facsimile)
                                  Stanley@BrandWoodwardLaw.com

                                  *Counsel for Defendant Frederico Guillermo Klein*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) <br> ) <br> ) Criminal No. 1:21-CR-00040-TNM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| v. | |
| **FEDERICO GUILLERMO KLEIN,** | |
| **Defendant.** | |

**[PROPOSED] ORDER**

Upon consideration of Defendant Federico Klein's Motion to Join and Adopt, it is, this ___ day of June, 2022, hereby:

**ORDERED** that Defendant Klein's Motion to Join and Adopt is **GRANTED**; and it is

**FURTHER ORDERED** that the government must disclose to Mr. Klein all correspondence concerning its charging decisions as to Mr. Klein.

**SO ORDERED**

_____
The Honorable Trevor N. McFadden
United States District Court Judge