IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.                                                          Case No.:  21-cr-40-9 (TNM)

FEDERICO KLEIN,

Defendant.

## MOTION IN LIMINE TO PRECLUDE CLAIM OF SELF-DEFENSE

The United States of America respectfully moves in limine to preclude the defendant from raising a claim of self-defense. The available facts, as a matter of law, do not support a claim of self-defense because they show that the defendant was the initial aggressor, attacking a police line that had only been established because the police had been forced to fall back due to the actions of the mob. In the alternative, the government requests that the defendant provide a pre-trial proffer of facts to allow the parties to argue, and the Court to decide, whether the defendant is entitled as a matter of law to assert self-defense.

## INTRODUCTION

Defendant Klein is charged with six counts of assaulting, resisting, or impeding a federal officer. In Counts 9, 17, 19, and 27 of the indictment, Klein is charged with assaulting, resisting, or impeding a federal officer, in violation of 18 U.S.C. § 111(a)(1). In Counts 31 and 32 of the indictment, Klein is charged with assaulting, resisting, or impeding a federal officer with a deadly or dangerous weapon, that is, a shield, in violation of 18 U.S.C. § 111(a)(1) and (b).

To meet its burden of proof at trial, the government will seek to admit video evidence showing the defendant committing each of these separate instances of assaultive conduct. Specifically, as captured on officer body-worn camera video ("BWC"), around 2:32 p.m., Klein

was at the front line of police officers when the crowd began pushing forward at the lower landing of the Lower West Terrace.  When Metropolitan Police Department ("MPD") Officer Laschon Harvel told Klein to move back, Klein did not do so. Officer Harvel took his baton and pushed it against Klein's shoulder, and Klein resisted, actively pushing back with his own shoulder.  (Count 9).

Then, at approximately 2:43 p.m., Klein entered the Lower West Terrace tunnel with the other rioters. At around 2:56 p.m., Klein approached the front line of the rioters attempting to get past the law enforcement officers guarding the Lower West Terrace doors, and used his body to push up against U.S. Capitol Police ("USCP") Sergeant Aqulino Gonell. (Count 17). This assault was captured on video by photojournalist Jon Farina and posted to YouTube.



At approximately 3:00 p.m., Klein ignored six separate orders by MPD Sergeant William Bogner to "back up" and to "let it go now." Instead, Klein took a police riot shield and shoved it between the doors of the Capitol building as a wedge, preventing Officer Carlton Wilhoit from closing the doors. (Count 19).

At approximately 3:11 p.m., Klein joined other rioters in a heave-ho push against the police line at the front of the tunnel. (Count 27). Then, from approximately 3:15 to 3:18 p.m., BWC footage of MPD Officer Henry Foulds shows Klein in possession of a riot shield, squaring up with Officer Foulds, and then shoving it against Officer Foulds. (Count 31).



By 3:18 p.m., the police had finally begun to make progress pushing the rioters out of the tunnel. Yet, Klein resisted this push throughout the entire length of the tunnel. Both USCP surveillance video and the Jon Farina YouTube video showed him pushing and shoving USCP Officer Morris Moore, using the riot shield against the officer. (Count 32).

This evidence shows that the defendant attacked the multiple police officers without provocation.

## ARGUMENT

Section 111 makes it a crime to "forcibly assault[], resist[], oppose[], impede[], intimidate[], or interfere[] with" a federal officer in the performance of the officer's duties. 18 U.S.C. § 111(a)(1). A defendant charged under Section 111 may assert, as an affirmative defense, a theory of self-defense, "which justifies the use of a reasonable amount of force against an

adversary when a person reasonably believes that he is in immediate danger of unlawful bodily harm from his adversary and that the use of such force is necessary to avoid this danger." *United States v. Middleton*, 690 F.2d 820, 826 (11th Cir. 1982).

"A defendant cannot claim self-defense if he was the aggressor or if he provoked the conflict upon himself." *Waters v. Lockett*, 896 F.3d 559, 569 (D.C. Cir. 2018) (internal quotation marks and citation omitted).  That principle applies fully to Section 111 prosecutions. *See, e.g.*, *United States v. Mumuni Saleh*, 946 F.3d 97, 110 (2d Cir. 2019) ("Mumuni was the initial aggressor in the altercation with Agent Coughlin; as such, he could not, as a matter of law, have been acting in self-defense."); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012) ("[A]n individual who is the attacker cannot make out a claim of self-defense as a justification for an assault.").

The proffered video evidence demonstrates that the defendant was the initial aggressor in each of the charged assaults this case. When MPD Officer Harvel placed his baton on the defendant's shoulder, it was after the defendant had refused to obey commands and resisted attempts to clear the crowd. Any contact made by officers attempting to push back the crowd, both on the west front and in the tunnel, were incidental contacts with the defendant when trying to keep the crowd back. Crowd control measures, like use of OC Spray, batons, and shields, were not provocation, but defensive responses to stop the mob from entering the U.S Capitol building. Indeed, the video evidence shows that the defendant was violently resisting officers attempting to do their duty, and affirmatively pushing on the police line in order to gain entry into the U.S. Capitol building.  He therefore cannot, as a matter of law, seek acquittal on the Section 111 charge by asserting self-defense.

Other circumstances depicted in the videos do not bear on the elements of self-defense. Defendant may have objected to law enforcement's presence at the U.S. Capitol, their effort to

detain other individuals at the scene, or their directives that he move from his position and leave the area. None of that matters. *See United States v. Urena*, 659 F.3d 903, 907 (9th Cir. 2011) (observing that "harsh words from another, insulting words, demeaning words, or even fighting words" does not provide license to "stab the offending speaker in the neck, bash their skull with a baseball bat, send a bullet to their heart, or otherwise deploy deadly force in response to the insult"). Because the defendant "was the attacker" in this case, *ibid*., he cannot advance a self-defense theory.

## CONCLUSION

For these reasons, the United States respectfully moves the Court to preclude the defendant from raising a claim of self-defense or, in the alternative, require the defendant to make a pre-trial proffer of facts that would permit the Court to decide whether he is entitled as a matter of law to assert self-defense.

Dated June 3, 2022.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY:  ___/s/_____
KIMBERLY L. PASCHALL
D.C. Bar No. 1015665
ASHLEY AKERS
Missouri Bar No. 69601
JOCELYN BOND
D.C. Bar No. 1008904
Assistant United States Attorneys
Capitol Siege Section
601 D Street, N.W.,
Washington, D.C. 20530
202-252-2650
Kimberly.Paschall@usdoj.gov