IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.   Case No.:  21-cr-40-7 (TNM)

DAVID MEHAFFIE,

Defendant.

### GOVERNMENT RESPONSE TO DEFENDANT MOTION IN *LIMINE* REGARDING AUTHENTICATION OF STILL IMAGES

The United States of America now responds to defendant David Mehaffie's Motion in *Limine* to preclude the government from using "closed circuit television security photographs/still images (CCT photos) taken at the United States Capitol Building on January 6, 2021, without the Government first laying a foundation with an appropriate witness that the CCT photos fairly and accurately depict what allegedly reflected in the photographs/still images."  ECF No. 329 at 2. Codefendants Robert Morss and Geoffrey Sills moved to join the motion, ECF Nos. 334, 335, and the United States submits the same response to the motion with respect to those two codefendants.

In his motion, Mehaffie argues that the Government should be required to lay a proper foundation with respect to videos and extracted still images that it introduces at trial.  ECF No. 329 at 2, 3 ("[A] proper foundation and authentication is a necessary predicate to the admission of such evidence.").  We agree, and we intend to comply with the applicable Federal Rules of Evidence.

Mehaffie also contends that witnesses "cannot testify" that images from videos recorded on January 6, 2021, are a fair representation of the videos unless the witnesses were present "when the videos was [sic] recorded and observed the events reflected in the videos."  *Id*.  Mehaffie

appears to assume that the only basis for authenticating a document is by way of "Testimony of a Witness with Knowledge." Fed. R. Evid. 901(b)(1). Such is not the case, as "[e]vidence describing a process or system and showing that it produces an accurate result" is likewise sufficient to authenticate evidence at trial. Fed. R. Evid. 901(b)(9). We expect that the closed circuit television footage from the United States Capitol Police's (USCP) camera videos will be authenticated through a USCP witness who can testify to USCP's surveillance system. *See, e.g.*, *United States v. Fadayini*, 28 F.3d 1236, 1241 (D.C. Cir. 1994) (holding testimony regarding how a camera operates in conjunction with the time and date imprints on photographs is sufficient to permit a reasonable juror to find that the evidence is what its proponent claims); *United States v. Rembert*, 863 F.2d 1023, 1028 (D.C. Cir. 1988) (adopting the Ninth Circuit's ruling that "contents alone provided sufficient circumstantial evidence for the authentication of the photographs").

Additionally, to the extent that Mehaffie suggests FBI agents should be precluded from testifying about video footage unless the agents were physically present when the footage was taken, he is wrong. The United States has not yet had an opportunity to lay a foundation for the entry of the video footage into evidence, but will do so with the appropriate witness, which could include FBI agents, when given the opportunity at trial. *See, e.g.*, *United States v. Cejas*, 761 F.3d 717, 723 (7th Cir. 2014) (rejecting argument that an agent is not the proper person to establish the genuineness of a video simply because the agent watched the video rather than personally witnessed the events, and explaining that authenticity can be established by testimony regarding camera use, quality, and reliability) (citing cases); *United States v. Bell*, No. 17-20183, 2022 WL 981578, at *12 (E.D. Michigan March 31, 2022) (holding Government agents involved in criminal investigations who "viewed the surveillance with his own eyes" can "easily satisfy the personal knowledge requirement" to authenticate video footage).

Lastly, Mehaffie argues that no appropriate foundation can be laid for "time-lapsed" images or "montages" because they are inherently "manipulated" images and thus "do not fairly and accurately depict the events in question." ECF No. 329 at 3. Mehaffie does not cite any authority to support this overbroad argument, and Mehaffie's objection to purported "manipulation" when a still photo is taken from a video or when a series of still photos are compiled into a montage goes to weight, rather than admissibility. Mehaffie may properly address such issues during cross-examination. *See, e.g.*, *United States v. Scholl*, 166 F.3d 964, 978 (9th Cir. 1999) ("[A] party need not prove that business records are accurate before they are admitted. Generally, objections that an exhibit may contain inaccuracies, ambiguities, or omissions go to the weight and not the admissibility of the evidence.").

Additionally, Mehaffie's argument that a time-lapsed photo is "manipulated" in a way that makes it inherently inadmissible, is wrong. "[S]till frame photos pulled from the tape are no different than wheeling a television into a courtroom with the video paused at just the right frame." *United States v. Clotaire*, 963 F.3d 1288, 1293-94 (11th Cir. 2020) (citing cases demonstrating that still photos taken from videos may be admissible). In other words, photos taken from a video could be viewed as "a subset of available data," because "extracting static images from a video is like printing a selection of pages from a longer record, not like creating a new document that summarizes the original record. *Id.* After all, a video is nothing more than a series of static images appearing at a given frame rate." *Id.* (explaining that still shots taken from a video can also be viewed as a "format change," which does not render the evidence inadmissible, because it is merely "adapted for trial display").

Also, as a practical matter, Mehaffie's argument is untenable. If adopted, neither party could present any video clip or still shot extracted from a video without presenting the *entirety of the video*. Thus, to show one video, the jury would be required to watch the entirety of the

3

"continuous video" concerning the events, which would inevitably span numerous hours for each video. Mehaffie cites no authority supporting such a preposterous approach to presenting evidence and the Court should not entertain Mehaffie's suggestion that this is the only proper way to present clips of videos or still shots taken from videos.

Dated: July 1, 2022.

                                          Respectfully submitted,

                                          MATTHEW M. GRAVES
                                          UNITED STATES ATTORNEY
                                          D.C. Bar No. 481052

                                          BY:  /s/
                                          ASHLEY AKERS
                                          Trial Attorney
                                          Capitol Siege Section
                                          MO Bar No. 69601
                                          601 D Street, N.W.
                                          Washington, D.C. 20530
                                          202-353-0521
                                          Ashley.Akers@usdoj.gov