IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

          v.                            Case No.:  21-cr-40-9 (TNM)

FEDERICO KLEIN,

                 Defendant.

**GOVERNMENT RESPONSE TO DEFENDANT MOTION IN LIMINE**

The United States of America now responds to defendant Frederico Guillermo Klein, Motion in Limine to preclude the Government from using two montage exhibits at trial.  ECF No. 310 at 1.  Co-defendants Robert Morss, Geoffrey William Sills, Federico Guillermo, David Lee Judd, and Tristan Chandler Stevens moved to join the motion, ECF Nos. 315, 318, 334, 335, and the United States submits the same response to the motion with respect to those co-defendants.

Defendant Klein seeks to exclude two Government exhibits:  (1) "U.S. Capitol Police Compilation" and (2) "Official Proceeding Montage."  ECF No. 310 at 1-2.  As demonstrated here, the Court should reject defendants' argument because both exhibits are admissible.

1.      **The Two Exhibits That Defendants Seek To Exclude Are Relevant**

Defendant Klein argues, in short form, that the Government should not be able to use the "U.S. Capitol Police Compilation" and "Official Proceeding Montage" exhibits at trial because they contain footage or photographs of offenses that occurred on January 6, 2021 that do not depict defendant Klein or his co-defendants but merely conduct of others, ECF No. 310 at 2, and they involve information that is not at issue in this trial, ECF No. 310 at 3, and thus the exhibits

are not relevant.  The Court should reject these arguments because, as explained below, both of the exhibits are highly relevant.

A piece of "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Accordingly, "[s]o long as the evidence makes a fact of consequence more or less likely, it is relevant."  *United States v. Latney*, 108 F.3d 1446, 1449 (D.C. Cir. 1997).  Determining relevancy for a criminal trial focuses on whether the evidence addresses elements of either the charged offense or any relevant raised defenses.  *United States v. Walker*, 32 F.4th 377, 388 (4th Cir. 2022) ("The governing hypothesis of any criminal prosecution, for the purpose of determining relevancy of evidence introduced, consists of elements of the offense charged and any relevant defenses raised to defeat criminal liability") (quoting *United States v. Lamberty*, 778 F.2d 59, 60-61 (1st Cir. 1985)).  However, "evidence need not be dispositive of an element of the crime to be relevant, it must merely cross the low threshold prescribed by Rule 401 [of making a consequential fact more or less probable]."  *United States v. Slatten*, 310 F. Supp. 3d 141, 145 (D.D.C. 2018) (emphasis added).  Thus, whether "evidence is not conclusive, or even nearly so, is of no moment. '[M]ost convictions result from the cumulation of bits of proof which, taken singly, would not be enough in the mind of a fair minded person.'"  *Latney*, 108 F.3d at 1449 (quoting *United States v. Pugliese*, 153 F.2d 497, 500 (2d Cir.1945) (Hand, J.)).

Accordingly, to establish relevance, and hence admissibility of the "U.S. Capitol Police Compilation" and "Official Proceeding Montage" exhibits, it is necessary to establish that the information depicted by the exhibits makes a consequential fact more or less probable for at least one element of the statute charged.

Under 18 U.S.C. § 1512(c)(2), criminal liability arises for "[w]hoever corruptly . . .

obstructs, influences, or impedes any official proceeding, or attempts to do so."  18 U.S.C.

§ 1512(c)(2).  The Government seeks to prove beyond a reasonable doubt that Defendant Klein

and his co-defendants violated 18 U.S.C. § 1512(c)(2), which includes proving beyond a

reasonable doubt the following four elements:[1]

1. The defendant attempted to or did obstruct or impede an official proceeding.

2. The defendant acted with the intent to obstruct or impede the official proceeding.

3. The defendant acted knowingly, with awareness that the natural and probable
   effect of his conduct would be to obstruct or impede the official proceeding.

4. The defendant acted corruptly.

Both exhibits that defendants seek to exclude are probative of multiple elements of the

Obstruction of an Official Proceeding charge.

The "Official Proceeding Montage" is a video and audio compilation of Congress'

activities on January 6, 2021, including actions taken regarding the certification of the election

results and Congress' reaction to, and activities in light of, the breaches and rioters.  This exhibit

confirms that defendant Klein, his co-defendants, and the mob were successful in interrupting the

---

[1] Of the four Capitol riot cases charging 18 U.S.C. § 1512(c)(2) that have gone to jury trials so far, two cases have included the above language in their final jury instructions, *United States v. Reffitt*, No. 1:21-cr-32, 2022 WL 712844 (D.D.C.), Final Jury Instructions at 25, ECF No. 119; *United States v. Robertson*, No. 1:21-cr-34, 2022 WL 1101660 (D.D.C.), Final Jury Instructions at 12, ECF No. 86.  A third case included almost identical language, the only difference being the language for element two (using the wording "intended to obstruct" instead of "acted with the intent to obstruct . . . ."  *United States v. Hale-Cusanelli*, No. 1:21cr37, 2022 WL 1731979 (D.D.C.), Final Jury Instructions at 24, ECF No. 84.  The fourth case used different language, listing only two elements ("First, the defendant attempted to or did obstruct or impede any official proceeding, and Second, the defendant acted corruptly."); however, under the definition of "corruptly," those final jury instructions also included the "knowingly" and "intent to obstruct" requirements above.  *United States v. Thompson*, No. 1:21-cr-161, Final Jury Instructions at 25, 27, ECF No. 83.  Additionally, in *United States v. Kevin & Hunter Seefried*, No. 1:21-cr-287, a bench trial, the Court used materially the same instructions, adopting the instructions in the Government's trial brief, *see United States v. Seefried*, No. 1:21-cr-287, 2022 WL 2188320 (D.D.C.), Trial Brief at 9, ECF No. 88.

certification of the electoral votes and, consequently, it is relevant to the Obstruction of an Official Proceeding charge.  The video demonstrates the actions occurring inside the Capitol building during the certification of the electoral votes, the interruption of the certification, and the diversion of police resources in attempt to secure the Capitol building.  Thus, the exhibit is imminently relevant.

The "U.S. Capitol Police Compilation" exhibit is a video compilation of timestamped U.S. Capitol Police ("USCP") closed-circuit television ("CCTV") footage and diagrams of the Capitol that show the times and locations of major breaches of the Capitol building, and how law enforcement addressed those breaches and divvied up its resources.  The exhibit shows conduct demonstrating that the mob's actions made it difficult for law enforcement to secure their lines on the Capitol grounds such that law enforcement continually lost the ability to protect the Capitol.  Such behavior quite clearly helped to fuel the chaos and crowds that officers fought so hard to get under control that day.  The exhibit would not only help the jury to better understand the setup of the Capitol and the timing of the breaches, but it also highlights why defendant Klein and his co-defendants moving around certain areas and engaging with law enforcement in certain areas was so harmful.  It shows also how defendant Klein's and his co-defendants' actions of joining certain crowds played a role in interrupting official proceedings.

Both exhibits that defendants seek to exclude are also probative of elements of the Aiding and Abetting charges, pursuant to 18 U.S.C. § 2.  The D.C. Circuit Court has explained that,

> To establish aiding and abetting, the government ha[s] to prove, beyond a reasonable doubt, that [the defendant] intentionally 'facilitated any part ... of [the] criminal venture,' with enough 'knowledge [of the crime to] enable[ ] him to make the relevant legal (and indeed, moral) choice' to opt out instead.

*United States v. Slatten*, 865 F.3d 767, 793-94 (D.C. Cir. 2017) (quoting *Rosemond v. United States*, 572 U.S. 65, 72, 78 (2014)).

The "U.S. Capitol Police Compilation" exhibit reveals how defendant Klein and his co-defendants facilitated the criminal venture.  The exhibit reveals how the rioting mob divided and overwhelmed police resources by engaging in attacks on law enforcement all around the Capitol grounds.  It shows the progression of the mob, including defendant Klein and his co-defendants, as it became more violent and aggressive toward officers, and the eventual breach of the Capitol building after officers were unable to hold the lines on the Capitol grounds as they became overwhelmed with rioters.

The "Official Proceeding Montage" showed what was happening with Congress during the riot, including the recess taken from conducting the certification of the electoral votes, which confirmed that the mob's behavior, including that of defendant Klein and his co-defendants, helped facilitate the ultimate goal of obstructing/impeding the certification of the election results.

The "U.S. Capitol Police Compilation" exhibit is relevant for the additional reason that it makes a consequential fact more or less probable for at least one element of 18 U.S.C. § 231. The Government seeks to prove beyond a reasonable doubt that Defendant Klein, and his co-defendants, violated 18 U.S.C. § 231(a)(3), which includes proving beyond a reasonable doubt that defendants committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer, lawfully engaged in the lawful performance of his official duties, incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

The "U.S. Capitol Police Compilation" exhibit is probative of the Civil Disorder charge, because it demonstrates the existence of a civil disorder by showing that the mob obstructed, impeded, and interfered with the United States Capitol Police's protection of the U.S. Capitol and the Capitol grounds, as thousands of people in the mob, including defendant Klein and co-

defendants, initiated and partook in violent interactions with law enforcement who were lawfully engaged in their official duties.  Thus, the exhibit is relevant evidence.

Finally, Mr. Klein argues that the Court should exclude the "Official Proceeding Montage"  exhibit because it is irrelevant, as it attempts to explain the constitutional basis for the joint session of Congress, describe the Elector Clause of the Twelfth Amendment, and show the President of the Senate and Speaker of the House gaveling the joint session in and out of recess, "even though Mr. Klein's charges do not turn on the Twelfth Amendment and Elector Clause niceties."  ECF No. 310 at 3.  Mr. Klein contends that educating the jury on these points would cause confusion.  *Id.*

This argument is flawed, as the substance of this exhibit is directly relevant to charges brought in this case.  This exhibit is relevant to showing that defendant Klein and his co-defendants were successful in obstructing an official proceeding by, for example, diverting police resources and contributing to the mob that outnumbered law enforcement, which contributed to the halting of the certification of the electoral vote.

## 2.      The Two Exhibits That Defendants Seek To Exclude Are Not Unduly Prejudicial, Confusing, Or Misleading, And Should Not Otherwise Be Excluded

Defendant Klein next argues that, even if the exhibits are relevant, exposing the jury to the exhibits "presents a serious danger of unfair prejudice, confusing the issues, and misleading the jury," and will cause undue delay, waste of time, and will needlessly present cumulative evidence.  ECF No. 310 at 1-2.

Defendant Klein argues that the "U.S. Capitol Police Compilation" is problematic based on its length (20 minutes), because playing the exhibit would "essentially cut into Mr. Klein's cross-examination time and therefore prejudice his Sixth Amendment right to confront the witnesses against him on the actual issues involved in this case."  ECF No. 310 at 3.  There is no

support for this argument.  We expect defendant Klein, and the other defendants, will be given a

full and fair opportunity to confront witnesses on any issues raised during trial in accordance

with their constitutional rights.  Nothing about this exhibit would inherently limit defendants'

opportunity for cross-examination.  To be sure, if, at trial, defendant Klein believes that his

opportunity for cross-examination is improperly or unconstitutionally limited based on the

introduction of this exhibit, or for any other reason, the Court can resolve any objection at trial.

Resolving such issues at trial is preferable because such "decisions can be better

informed by the context, foundation, and relevance of the contested evidence within the

framework of the trial as a whole." *Youssef v. Lynch*, 144 F. Supp. 3d 70, 80 (D.D.C. 2015)

("The trial judge's discretion extends not only to the substantive evidentiary ruling, but also to

the threshold question of whether a motion *in limine* presents an evidentiary issue that is

appropriate for ruling in advance of trial.")

Aside from these cursory and underdeveloped arguments, none of which are supported

with authority, defendant Klein provides no explanation as to how the exhibits would confuse

issues in the trial, mislead the jury, cause undue delay, waste time, or be needlessly cumulative.

Thus, the motion in limine should be denied in light of the overly broad nature of the request and

failure to present any argument supporting such a request.  *See, e.g.*, *Fakhoury v. O'reilly*, No.

16-13323, 2022 WL 909347, at *6 (E.D. Mich. Mar. 28, 2022)  ("A court is well within its

discretion to deny a motion in limine that fails to identify the evidence with particularity or to

present arguments with specificity.") (quoting *United States v. Cline*, 188 F. Supp. 2d 1287, 1292

(D. Kan. 2002)) (citing *Nation Union v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y.

1996)); *Ctr. Hill Cts. Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 19-CV-80111, 2020 WL

496065, at *2 (S.D. Fla. Jan. 30, 2020) ("The Court concludes that this motion in limine is

overbroad in that it 'lacks the necessary specificity with respect to the evidence to

be excluded.'"); *In re Homestore.com, Inc.*, No. CV 01-11115 RSWL CWX, 2011 WL 291176, at *2 (C.D. Cal. Jan. 25, 2011) ("The Court finds Plaintiff's request as over-broad and vague, and therefore inappropriate for review at the motion in limine stage."); *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.1975) ("A better practice is to deal with questions of admissibility of evidence as they arise").

Finally, defendant Klein argues that the Government's trial exhibit list does not "conform with the spirit or substance of the Court's requirement[s]." ECF No. 310 at 3.  Defendant Klein argues that "any exhibit not specifically identified . . . should be precluded from use at any trial in this matter."  ECF No. 310 at 4.  Defendant makes note of an exhibit titled "scope cellphone" for defendant Klein.  He argues that defendants should not be required to "review broad categories of evidence."  ECF No. 310 at 4.

This argument is meritless. The Government has adequately made available to defendants all of the discovery, with extensive instructions and guidance on how to properly navigate the discovery databases.  If defendant Klein does not want to review broad categories of evidence that we provided, that is within his province, but he has not identified any requirement that the Government provide a detailed exhibit list at this posture in the case, nor has he identified any authority under which we should be precluded from introducing evidence at trial that has been timely and properly produced.  Pursuant to the Court's request that we turn over exhibit and witness lists several weeks before trial, the Government will limit and focus its exhibit list in due time.

Dated: July 15, 2022.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY: ___/s/_____
ASHLEY AKERS
Trial Attorney
Capitol Siege Section
MO Bar No. 69601
601 D Street, N.W.
Washington, D.C. 20530
202-353-0521
Ashley.Akers@usdoj.gov