IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | )  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | Criminal No. 1:21-cr-00040-TNM |
| v. | ) | |
| | ) | |
| **FEDERICO KLEIN,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION FOR BENCH TRIAL OR TO CONTINUE TRIAL

Defendant Federico Klein, by and through undersigned counsel, and pursuant to Rule 23(a) of the Federal Rules of Criminal Procedure and Rule 57.2 of the Local Rules of Criminal Procedure for the United States District Court for the District of Columbia, respectfully requests this Court Order a Bench Trial for Mr. Klein over the objection of the government or, in the alternative, to continue Mr. Klein's trial.

Rule 23(a) of the Federal Rules of Criminal Procedure provides that a defendant shall be tried by jury unless 1) the defendant waives a jury trial in writing, 2) the government consents, and 3) the court approves. The validity of the rule was upheld by the Supreme Court in *United States v. Singer*, 380 U.S. 24 (1965), where the court held that the reason the statute remains as requiring the government's consent is because "the government attorney in a criminal prosecution is not an ordinary party to a controversy, but a 'servant of the law' with a 'twofold aim . . . that guilt shall not escape or innocence suffer.' It was in light of this concept of the role of prosecutor that Rule 23(a) was framed, and we are confident that it is in this light that it will continue to be invoked by government attorneys." *Id.* at 37 (quoting *Berger v. United States*, 295 U.S. 78, 88 (1935)). The Court further held that, "[b]ecause of this confidence in the integrity of the federal prosecutor, Rule 23(a) does not require that the Government articulate its

reasons for demanding a jury trial at the time it refuses to consent to a defendant's proffered waiver.  Nor should we assume that federal prosecutors would demand a jury trial for an ignoble purpose." *Id*.  Thus, the court declined to consider in what cases a prosecutor might demand a jury trial for an "ignoble purpose," and what that "ignoble purpose" may be.  Mr. Klein submits that his case is one of those cases, and that his request for a bench trial has been vetoed by the government for an ignoble purpose.  In light of this breach of the government's duty to be a "servant of the law," to act with integrity and to demand jury trials only for noble purpose, Mr. Klein requests that this court grant his request for a bench trial over any objection by the government.

Mr. Klein was charged by complaint on March 2, 2021, and was formally indicted on March 19, 2021, with eight counts related to the allegation that he was present at the Capitol on January 6, 2021.  *See United States v. Klein*, 1:21-cr-236-TNM (ECF Nos. 1, 12).  Over four and a half months later, the government surreptitiously joined him with the eight other defendants, including Patrick McCaughey, all of which Mr. Klein has no connection with other than the allegation that, "[t]hey worked collectively 'in the same series of acts' to overwhelm police and to enter the Capitol."  Order at 4-5 (May 20, 2022) (ECF No. 290).

Of note, Patrick McCaughey had originally been indicted on January 29, 2021, approximately 6 months prior, where extensive discovery had been completed and substantive motions had already been filed.  Indeed, the government's decision to join Mr. Klein with individuals he had never before met nor interacted with followed a finding of fact by Judge Bates that there was "no evidence that Klein coordinated with other participants before, during, or after the riot, or assumed any meaningful leadership role during the events of January 6." *United States v. Klein*, 533 F.Supp. 3d 1, 13 (D.D.C. 2021).  It was after this finding that the government

then joined Mr. Klein to this case. Subsequently, Mr. Klein moved to sever himself from the other defendants in this case, in order to prevent potential prejudice and based on the absence of a common scheme or plan among Mr. Klein and his codefendants. (ECF No. 249). The government opposed this motion (ECF No 277), not because they believed there was no prejudice to Mr. Klein, but because of the government's prerogative of how to charge its cases.

Thereafter, this Court denied Mr. Klein's motion, holding that proper joinder only requires an allegation that the defendants "participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses," Fed. R. Cr. P. 8(b), and "there is 'a logical relationship between the acts or transactions.'" Order at 2 (ECF No. 290) (May 20, 2022) (quoting *United States v. Perry*, 731 F.2d 985, 990 (D.C. Cir. 1984)). Thus, because the government alleged that Mr. Klein participated in the same act or transaction or series of acts or transactions that constitute an offense, the Court declined to sever Mr. Klein. Shortly thereafter, and prior to the motions deadline set by the Court in this case, Mr. Klein advised the government of his desire to proceed with a Bench Trial in lieu of a Jury Trial. The government declined, citing a desire to "avoid the inefficiency and work involved with trying this case a third time." (Attached hereto as Exhibit A.)

Now, in three separate oppositions, the government has argued procedure over potential prejudice when the reality for Mr. Klein is this: as a result of being tried together with his codefendants, under the circumstances created by the public hearings held by the U.S. House Select Committee to Investigate the January 6th Attack on the United States Capitol, a finding of guilt is more likely to arise simply by Mr. Klein's mere association. Although the Court is bound by *Perry*, it is questionable whether the court, in issuing what is now a nearly 40 year old

opinion, could have contemplated the political and legal landscape with which we are confronted in the aftermath of January 6, 2021.

In addition, Mr. Klein has now filed a motion seeking a transfer of venue from this District which the government has also opposed. The government has also opposed (and the Court has now denied) Mr. Klein's Motion to Continue a jury trial in this case, (ECF No. 374), which sought a continuance based on the presumed prejudice of the jury pool in the District as a result of the public hearings being held by the U.S. House Select Committee to Investigate the January 6th Attack on the United States Capitol. The government argues that *voir dire* is sufficient to address the defendants' concerns, and again ignores the practical reality that society is overwhelmed with an increasingly polarized focus on the facts and circumstances concerning the events of January 6, and not the law necessary to a determination of guilt. Finally, when Mr. Klein requested the government's consent to a bench trial, the government asserted that it would only agree to a bench trial if all of Mr. Klein's codefendants also agreed to a bench trial.

Although Mr. Klein does not lightly waive his right to a jury of his peers guaranteed by the Seventh Amendment to the Constitution, for the reasons set forth in various motions filed with this Court, all of which were opposed by the government, he concludes that only through a Bench Trial can the facts applicable as to him be fairly applied to the law. Ultimately, it is apparent that the government has acted with an ignoble purpose, for no rational reason apparent to Mr. Klein, in maintaining efforts to essentially force Mr. Klein to face a jury in this district, a notion that he has opposed in every way that he can.

In summary, the procedural posture of Mr. Klein's case has resulted in the exact circumstances that the Supreme Court declined to explore in *Singer*, where the government's "insistence on trial by jury . . . result[s] in the denial to a defendant of an impartial trial." *Singer*,

380 U.S. at 37. Notably, no court in this district has addressed this scenario identified by the Supreme Court – that the government might insist on a jury trial for an "ignoble purpose." This district has, however, acknowledged that the government may not veto a defendant's request for a bench trial that violates his constitutional rights, as held in *Singer*. *See United States v. Dockery*, 955 F.2d 50, 55 (D.C. Cir. 1992). As has been articulated in Mr. Klein's motions to sever and change venue, his Sixth Amendment right to an impartial jury is jeopardized by the government's insistence on a jury trial in this cased based only on their stated desire for procedural efficiency. The government ignores the inherent bias that Mr. Klein desires to avoid and no rationale exists otherwise for insisting on a jury trial. A bench trial would result in the avoidance of any doubt of prejudice that cannot now be identified. For these reasons, this Court's permission of a bench trial over the objection of the government pursuant to Rule 23(a) is warranted and should be granted.

In the alternative, Mr. Klein respectfully requests this Court continue Mr. Klein's trial and expressly joins and adopts the Motion filed by Mr. Mehaffie (July 1, 2022) (ECF No. 360). In addition to the prejudice caused by the public hearings held by the U.S. House Select Committee to Investigate the January 6th Attack on the Capitol, which are intended to influence the public's perception of the events of January 6, defense counsel is anticipating the birth of his child on October 23, 2022, which he was necessarily not aware of when the Court set Mr. Klein's trial date on January 6, 2022. As Mr. Klein is not detained, the ends of justice would be served by a continuance which substantially outweigh the interests of the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

[SIGNATURE ON NEXT PAGE]

Dated: July 27, 2022               Respectfully submitted,

                                   　　　*/s/ Stanley E. Woodward, Jr.*　　
                                   Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                   BRAND WOODWARD, LP
                                   1808 Park Road, Northwest
                                   Washington, DC  20010
                                   202-996-7447 (telephone)
                                   202-996-0113 (facsimile)
                                   Stanley@BrandWoodwardLaw.com

                                   *Counsel to Defendant Federico Klein*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) |
| v. | ) Criminal No. 1:21-cr-0040-TNM ) ) |
| **FREDERICO KLEIN,** | ) ) |
| **Defendant.** | ) ) ) |

## CERTIFICATE OF SERVICE

On July 27, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

              */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Federico Klein*