IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| v. | ) Criminal No. 1:21-cr-00040-TNM |
| | ) |
| **FEDERICO GUILLERMO KLEIN,** | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT FEDERICO KLEIN'S REPLY IN SUPPORT OF HIS [309] MOTION FOR TRANSFER OF VENUE

"We shouldn't be disqualifying people just because they believe the work of the committee or the functioning of government is important."

- Assistant United States Attorney Molly Gaston in *Voire Dire*[1]

The government's position on the ability of the Court to conduct a fair trial is clear. The repeated references to the events of January 6, 2021, by the U.S. House Select Committee to Investigate the January 6th Attack on the Capitol have no bearing on this Court's sacred charge of ensuring a free and fair trial. Yet, as Justice Jackson recognized: "The naive assumption that prejudicial effects can be overcome by instructions to the jury, all practicing lawyers know to be unmitigated fiction." *Krulewitch v. United States*, 336 U.S. 440, 453 (1949) (Jackson, J., concurring). Indeed, nearly six (6) decades ago, the First Circuit admonished that the government – The United States – has a choice:

> We think that the United States is put to a choice in this matter: If the United States, through its legislative department, acting conscientiously pursuant to its conception of the public interest, chooses to hold a public hearing inevitably resulting in such damaging publicity prejudicial to a person awaiting trial on a pending indictment, then the United States must accept the consequence that the judicial department, charged with the duty of

---

[1] Spencer S. Hsu and Devlin Barrett, Opening Statements Soon in Bannon Trial After Judge Rejects Delay, *The Washington Post* (July 19, 20220, *available at* https://www.washingtonpost.com/dc-md-va/2022/07/18/steve-bannon-trial-jury/

assuring the defendant a fair trial before an impartial jury, may find it necessary to postpone the trial until by lapse of time the danger of the prejudice may reasonably be thought to have been substantially removed.

*Delany v. United States*, 199 F.2d 107, 113-114 (1st Cir. 1952).

Here, it is especially prejudicial to Mr. Klein that the Select Committee continues to describe those who participated in the events of January 6 as "insurrectionists," "white supremacists," and "domestic terrorists."[2]

It's difficult not to quote the First Circuit's opinion in *Delaney* broadly, the words of the court then are presciently applicable now.  In short, *any trial* in the shadow of the intentionally influential widely televised hearings concerning the very facts to be determined by a jury is inherently prejudicial:

> This is not a case of pre-trial publicity of damaging material, tending to indicate the guilt of a defendant, dug up by the initiative and private enterprise of newspapers. Here the United States, through its legislative department, by means of an open committee hearing held shortly before the trial of a pending indictment, caused and stimulated this massive pre-trial publicity, on a nationwide scale. . . .  None of the testimony of witnesses heard at the committee hearing ran the gauntlet of defense cross-examination. Nor was the published evidence tempered, challenged, or minimized by evidence offered by the accused.
>
> If all this material had been fed to the press by the prosecuting officials of the Department of Justice, we think that an appellate court would have had to say that the denial of a longer continuance was an abuse of discretion. . . . .  Of course, it would have been a gross impropriety on the part of the prosecuting officials if they had made available to the press all this damaging material respecting [the defendant]; whereas it may be said that the prejudicial effect of the pre-trial publicity in this case was only a by-product of the conscientious performance by the legislative committee of the investigative function constitutionally confided to the Congress. . . .
>
> But the prejudicial effect upon [the defendant], in being brought to trial in the hostile atmosphere engendered by all this pre-trial publicity, would obviously be as great, whether such publicity were generated by the

---

[2] *See* Press Release, *Pelosi Statement on Republican Recommendations to Serve on the Select Comm. to Investigate the Jan. 6th Attack on the U.S. Capitol,* NANCY PELOSI, SPEAKER, HOUSE OF REPRESENTATIVES (July 21, 2021), https://www.speaker.gov/newsroom/72121-2.

>prosecuting officials or by a congressional committee hearing. In either case [the defendant] would be put under a heavy handicap in establishing his innocence at the impending trial. Hence, so far as our present problem is concerned, we perceive no difference between prejudicial publicity instigated by the United States through its executive arm and prejudicial publicity instigated by the United States through its legislative arm. The prosecution is by the "United States of America" . . . .

*Delany*, 199 F.2d at 113-114. The investigation by the Select Committee is particularly prejudicial here, where the Select Committee continues to characterize those who participated in the events of January 6, 2021, as "insurrectionists," "white supremacists," and "domestic terrorists."[3] U.S. House Speaker Nancy Pelosi went so far as to declare that Donald Trump was an accessory to murder.[4]

Thus, while the government submits that "[a] careful voir dire—rather than a change of venue" is the appropriate way to address potential juror bias, the government cannot dispute *its own bias*. The government does not dispute Mr. Klein's right to a fair and impartial jury. *See In re Murchison*, 349 U.S. 133, 136 (1955). For more than a century, "[t]he theory in our system of law is that conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside influence . . . ." *Patterson v. Colorado*, 205 U.S. 454, 462 (1907). Here, like in *McVeigh*, a potential jury pool can be determined to be irredeemably biased when the alleged crime results in "effects . . . on [a] community [that] are so profound and pervasive that no detailed discussion of the [pretrial publicity and juror partiality] evidence is necessary." *United States v. McVeigh*, 918 F. Supp. 1467, 1470 (W.D. Okla. 1996). Indeed, the court in *McVeigh* summarily concluded that a trial of the Oklahoma City bombing suspects in federal court in Oklahoma City would be fundamentally constitutionally unfair. *Id. See also*

---

[3] *See* Note 2, *infra.*

[4] *Nancy Pelosi on the Capitol Hill insurrection: Trump was an accessory to the crime of murde*r, MSNBC.COM (Jan. 19, 2021), https://www.msnbc.com/msnbc/watch/nancy-pelosi-on-the-capitol-hill-insurrection-trump-was-an-accessory-to-the-crime-of-murder-99705925960.

*Murphy v. Fla.*, 421 U.S. 794, 802 (1975) ("Even these indicia of impartiality [during voir dire] might be disregarded in a case where the general atmosphere in the community or courtroom is sufficiently inflammatory."). *See also Sheppard v. Maxwell*, 384 U.S. 333, 362-363 (1966) ("[W]here there is a reasonable likelihood that prejudicial news prior to trial will prevent a fair trial, the judge should continue the case until the threat abates, or transfer it to another county not so permeated with publicity.").

The government submits that because Mr. Klein failed to submit any evidence of what percentage of D.C. residents viewed the Select Committee's public hearings, he cannot demonstrate that his potential jury pool has been irreparably biased. Opp. (July 15, 2022) (ECF No. 373). Yet it can't refute that D.C. residents have been inundated with one-sided coverage of the events surrounding the events of January 6, 2021, are surrounded by residents who feel personally impacted by the events of January 6, 2021, and cannot be faulted for harboring a predetermined impression of those events. Indeed, the Multi-District Study cited by Mr. Klein revealed that D.C. is an outlier when it comes to the saturation of media coverage. Only 4.83% percent of DC respondents said "never or almost never" in regard to following news coverage, compared to 13.40% said in the Eastern District of Virginia. (Ex. A, fig. 6, Mot. (June 3, 2022 (ECF No. 309).) The survey demonstrates that far fewer potential jurors outside the beltway are taking a personal interest in the events of January 6, 2021, as compared to their D.C. counterparts many of whom, according to the study, are closely following this coverage.

Finally, it bears noting that despite the government's lengthy objection to trying Mr. Klein anywhere other than in the District, the government cites not one prejudice it would suffer by trying the case just eight (8) miles away. It does not because it can not. The impact of the events of January 6 are likely to be studied, and revealed, for years to come – the day is likely to

be enshrined in history books for future generations of Americans. Affording Mr. Klein a trial in the Eastern District of Virginia, where he resides, in an effort to stymie the potential bias of a jury in the District seems but a tiny sacrifice in the face of such a consequential proceeding.

Dated: July 29, 2022                                       Respectfully submitted,

                                                */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road, Northwest
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Federico Guillermo Klein*

**CERTIFICATE OF SERVICE**

On July 29, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to the following registered parties:

                                                  */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Frederico Guillermo Klein*