IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) )  ) |
| v. | ) Criminal No. 1:21-cr-00040-TNM ) ) |
| FREDERICO KLEIN, | ) ) |
| Defendant. | ) ) ) |

### DEFENDANT FEDRICO KLEIN'S REPLY IN SUPPORT OF HIS [310] MOTION IN LIMINE

"Highly relevant." That's how the government describes the "montages" it has compiled – a proverbial "best of" the events of January 6. Of note, the government does not substantively address Mr. Klein's argument that the video is unfairly prejudicial. Rather, the government argues in its opposition that the "Official Proceeding Montage" and the "Capitol Police Compilation" are "highly relevant" in that they are "probative of multiple elements of the Obstruction of an Official Proceeding charge," as well as the "aiding and abetting" charges. Furthermore, the government argues that these exhibits are "not unduly prejudicial, confusing, or misleading, and should not otherwise be excluded." Because the government cannot overcome the unfair prejudice of its video montages, the exhibits should be excluded from evidence.

### I.   Official Proceeding Montage

According to the government, the "Official Proceeding Montage" is "a video and audio compilation of Congress' activities on January 6, 2021, including actions taken regarding the certification of the election results and Congress' reaction to, and activities in light of, the breaches and rioters." Opp'n at 3 (July 15, 2022) (ECF No 381). Furthermore, the government argues, "the video demonstrates the actions occurring inside the Capitol building during the

certification of the electoral votes, the interruption of the certification, and the diversion of police resources in attempt to secure the Capitol building." *Id.* at 4.  The government then *further* explains that the video "showed what was happening with Congress during the riot, including the recess taken from conducting the certification of the electoral votes, which confirmed that the mob's behavior . . . helped facilitate the ultimate goal of obstructing/impeding the certification of the election results." *Id.* at 5.  *Finally*, the government argues that the "exhibit is relevant to showing that defendant Klein and his codefendants were successful in obstructing an official proceeding by, for example, diverting police resources and contributing to the mob that outnumbered law enforcement, which contributed to the halting of the certification of the electoral vote." *Id.* at 6.

      A.     *The Official Proceeding Montage is Not Relevant*

Ultimately, although said three different ways, the government argues that the "Official Proceeding Montage" shows the movements of Congress on January 6, 2021, in conjunction with actions of the "mob" outside the Capitol Building.  The government argues that this exhibit is probative, and thus relevant, of its allegation that Mr. Klein sought to obstruct an official proceeding.  *See* Fifth Superseding Indictment at 16 (Dec. 1, 2021) (ECF No. 179).  To be probative, however, the "Official Proceeding Montage" would have to have a "tendency to make a fact (such as the fact that the defendants obstructed an official proceeding) more or less probable than it would be without the evidence" in order for the Montage to be relevant.  *See* Fed. R. Evid. 401.  Yet as the video makes clear, by the time Mr. Klein is alleged to have engaged in any improper conduct on January 6, 2021, Congress had already recessed for the day.

      B.      *The Probative Value of the "Official Proceeding Montage" is Substantially Outweighed By Its Danger for Unfair Prejudice, Confusing the Issues, Misleading the Jury, Undue Delay, Wasting Time, or Needlessly Presenting Cumulative Evidence*

Not only is the "Official Proceeding Montage" not relevant, but its probative value is also substantially outweighed by its danger for unfair prejudice, the risk that it confuses and/or misleads the jury, and/or needlessly presents cumulative evidence.

The government argues flatly that the Montage is "not unduly prejudicial, confusing, or misleading, and should not otherwise be excluded." However, the government misapplies the standard of Federal Rule of Evidence 403. Under this rule, "the district court may exclude relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Bowie v. Maddox*, 642 F.3d 1122, 1135 (D.C. Cir. 2011). Thus, the government must also show what the probative value of the exhibit may be, such that it *is not* substantially outweighed by a danger for any of the above. Instead, the government makes the assertion that the "Official Proceeding Montage" is not unduly prejudicial, confusing, or misleading because, "[n]othing about this exhibit would inherently limit defendants' opportunity for cross-examination," and that Mr. Klein otherwise "provides no explanation as to how the exhibits would confuse issues in the trial, mislead the jury, cause undue delay, waste time, or be needlessly cumulative." The government otherwise provides no argument as to the probative value of the exhibit in light of its potential for danger.

The danger that would come from the use of the "Official Proceeding Montage" is self-evident and substantially outweighs any probative value that the exhibit may have. Put simply, the "Official Proceeding Montage" *is intended* to prejudicially influence the jury into blaming Mr. Klein for the *entirety* of the events of January 6, 2021.

## II.      Capitol Police Compilation

According to the government, the "Capitol Police Compilation" is a "video compilation of timestamped U.S. Capitol Police ("USCP") closed-circuit television ("CCTV") footage and diagrams of the Capitol that show the times and locations of major breaches of the Capitol building, and how law enforcement addressed those breaches and divvied up its resources." Opp'n at 4 (July 15, 2022) (ECF No. 381). The government further argues that "[t]he exhibit shows conduct demonstrating that the mob's actions made it difficult for law enforcement to secure their lines on the Capitol grounds such that law enforcement continually lost the ability to protect the Capitol." *Id*.

### A.      The Capitol Police Compilation is Not Relevant

The government argues that the "Capitol Police Compilation" is relevant because it "reveals how the rioting mob divided and overwhelmed police resources by engaging in attacks on law enforcement all around the Capitol grounds . . . [and] for the additional reason that it makes a consequential fact more or less probable for at least one element of 18 U.S.C. § 231." Government Opp'n at 5. Thus, the government argues, the exhibit is relevant because "it demonstrates the existence of a civil disorder by showing that the mob obstructed, impeded, and interfered with the United States Capitol Police's protection of the U.S. Capitol and the Capitol grounds, as thousands of people in the mob, including defendant Klein and defendants, initiated and partook in violent interactions with law enforcement who were lawfully engaged in their official duties." *Id.* at 5-6.

      B.      *The Probative Value of the Capitol Police Compilation is Substantially Outweighed By Its Danger for Unfair Prejudice, Confusing the Issues, Misleading the Jury, Undue Delay, Wasting Time, or Needlessly Presenting Cumulative Evidence*

Not only is the "Capitol Police Compilation" not relative, but it's probative value is substantially outweighed by a danger for unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

The government makes the same blanket argument as it did for the Montage that the Compilation is "not unduly prejudicial, confusing, or misleading, and should not otherwise be excluded." However, again the government does not provide any argument as to the Compilation's probative value such as to show that it is not outweighed by a danger of any of the above. The potential for danger from the admittance of the "Capitol Police Compilation" is self-evident, just as it was for the "Official Proceeding Montage."

First, the "Capitol Police Compilation" will show the jury more than twenty-two (22) minutes of video of individuals not charged in this case, while panning the Tunnel where Mr. Klein is alleged to have been for just seconds. Thus, its admittance would mislead the jury in showing them actions of individuals not relevant to this case, and ultimately would result in the jury forming opinions of these defendants based on the actions of other individuals. Put simply, the video would cause undue delay and waste time.

Furthermore, the admittance of the Compilation would result in a danger of needlessly presenting cumulative evidence. "Cumulative evidence is '[a]dditional evidence that supports a fact established by the existing evidence.'" *State v. Mariner*, 2018 Minn. App. Unpub. LEXIS 947, *4, 2018 WL 5915417 (Minn. Ct. App. 2018) (quoting *Black's Law Dictionary* 675 (10th ed. 2014)). The government already intends on calling various U.S. Capitol Police witnesses to testify as to the conduct that is allegedly shown in the "Capitol Police Compilation." To then

show the jury an approximately twenty (20) minute video establishing the same evidence that witnesses testify to would be unnecessarily cumulative and a waste of the court and Mr. Klein's time. For this reason, the exhibit should be excluded from evidence.

### III. The Government's Exhibit Lists

The Court's Order was clear as to what was required of the government: "The government shall provide defendants with any evidence it intends to use in its case-in-chief by 4/22/2022." Minute Entry (March 4, 2022). The government's offer was even clearer, "Would Your Honor want [the government] to provide like an exhibit list like [the government has] *done for trials* before Your Honor before . . . .?" Mar. 4, 2022, Status Hr'g T. (Apr. 8, 2022) (ECF No. 251) (emphasis added). Neither statement is consistent with the government's proffer that it will "turn over exhibit and witness lists several weeks before trial, [which] will limit and focus its exhibit list in due time." Opp'n at 8 (July 15, 2022) (ECF No. 381).

Dated: July 29, 2022                    Respectfully submitted,

                                                                */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road, Northwest
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Federico Guillermo Klein*

## CERTIFICATE OF SERVICE

On July 29, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

                                                */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Federico Guillermo Klein*