**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 21-cr-40 (TNM)** |
| **v.** | : | |
| | : | |
| **STEVEN CAPPUCCIO and** | : | |
| **FEDERICO KLEIN,** | : | |
| | : | |
| **Defendants.** | : | |

<u>**GOVERNMENT'S NOTICE OF AUTHORITY**</u>

The government submits this notice of authority regarding two issues: (1) whether the trial court has discretion, on request by the government, to allow the government to re-open its case-in-chief to admit testimony regarding witness identification, and (2) whether the government is required to prove identification of victims included in the Fifth Superseding Indictment in counts charging violations of 18 U.S.C. § 111(a)(1).  As shown in the authority provided herein, the trial court has broad discretion to permit the government to re-open its case and, even if it did not, the government is not required to prove the identification of victims in counts charging violations of 18 U.S.C. § 111(a)(1).

1.  **The Trial Court Has Wide Discretion And Latitude To Permit The Government To Reopen Its Case-In-Chief**

A trial court has "wide discretion in the management of their cases," which includes "decisions to reopen proceedings."  *United States v. Trant*, 924 F.3d 83, 88 (3d Cir. 2019); Fed. R. Evid. 611(a). In a recent decision from the Court of Appeals for the Third Circuit, the court held that trial courts have broad discretion to permit the government to reopen its case-in-chief during trial. The court held that, "[w]hen considering a party's motion to reopen its case at trial, 'the district court's primary focus should be on whether the party opposing reopening would be prejudiced if reopening is permitted.'" *Id.* (citing *United States v. Coward*, 296 F.3d 176, 181 (3d

1

Cir. 2002)).   There are two principle considerations in determining whether to permit the government to reopen its case:  (1) "the timing of the moving party's request to reopen (whether, if the motion is granted, the opposing party will have a reasonable opportunity to rebut the moving party's new evidence)" and (2) "the effect of the granting of the motion (whether granting the motion will cause substantial disruption to the proceedings or result in the new evidence taking on 'distorted importance.'" *Id.*  In fact, the court explained that permitting the government to reopen its case during trial is *not disfavored. Id.* at 89, 90. Indeed, trials "present a greater need for district courts to be unconstrained in the exercise of their case-management discretion. Trials are fluid proceedings with a much wider horizon of evidence . . . . [R]eopening is often permitted to supply some technical requirement . . . or to supply some detail overlooked by inadvertence." *Id.* at 89.

To be sure, the Third Circuit explained that, in clarifying the case law in the circuit on the issue of reopening, it "join[ed] *eight other circuits* that have issued essentially the same guidance on how district courts should approach deciding motions to reopen at trial." *Trant*, 924 F.3d at 89 (emphasis added) (citing the Fifth, Ninth, Second, Fourth, Eleventh, First, Sixth, and Eighth Circuits). That is, it is widely and uncontroversially accepted that a trial court has the discretion to permit reopening and, especially in cases "where the defendant has [not] presented any evidence, it is unlikely that prejudice sufficient to establish an abuse of discretion can be established." *See Trant*, 924 at 90 (citation omitted).

This Court's preliminary ruling that the government be permitted to reopen its case-in-chief was not only within the bounds of its discretion, but entirely reasonable and appropriate. The two "principle considerations" for the Court's inquiry weigh in favor of permitting reopening. First, the opposing parties had a reasonable opportunity to rebut the government's new evidence. After the Court preliminarily permitted the government to open its case-in-chief, the government

re-called its case agent, elicited information regarding the identification of two officers (which, as explained below, is unnecessary to meet the government's burden of proof), and defense was provided a full and fair opportunity to cross examine the case agent. There can be no rational argument that the defense did not have the full and fair ability to rebut the newly presented evidence.

Second, there was no disruption to the proceedings. As this Court has repeatedly recognized throughout the course of this trial, this is a bench trial, and the Court has the discretion to accommodate less traditional (as compared to jury trials) presentations of the evidence. Indeed, in this trial, the Court has permitted one defendant to call an expert witness during the government's case-in-chief, and the Court permitted the expert witness to testify by video conference, rather than in person, over the objection of the government. Similarly, the Court has indicated its willingness to *sua sponte* reopen the government's case-in-chief – again, in its wide latitude and discretion – to permit the defense to recall the government's FBI agent witnesses for limited cross examination purposes.

Here, on the other hand, permitting the government to reopen its case to re-call a case agent when requested only minutes after resting its case-in-chief did not disrupt the presentation of the evidence and, if it did, it was only in the most minor of ways. In fact, after the government had rested, the parties very briefly discussed the issue of victim identification and the government immediately moved to reopen it case. At the time of the request, no defendant had begun putting on their case-in-chief, nor had there been any substantive developments in the trial – at all.

Although defense counsel for defendant Klein has lodged an objection to the government's motion on the basis that he was waiting for the government to rest to point out a perceived oversight in the evidence presented (which is wrong, see below), there is no basis in law or in fact that

supports the objection. *See, e.g. Alfred v. Catepillar Inc.*, 262 F.3d 1083, 1087 (10th Cir. 2001) ("[T]he law traditionally does not reward ambush trial tactics."). In this specific scenario, permitting the government to reopen its case-in-chief after resting *minutes before* can hardly be said to be disruptive in the context of this trial, let alone any trial.

### 2. The Government Is Not Required To Prove The Identity Of Victims Identified In The Fifth Superseding Indictment In Counts Charging Violations Of 18 U.S.C. § 111(a)(1)

The government identified victims "A.G." and "C.W." in Counts Seventeen and Nineteen, respectively, in the Fifth Superseding Indictment. Although the Fifth Superseding Indictment lists victim names on occasion, the government is not required to identify the victims as part of its burden.[1] Indeed, because Counts Seventeen and Nineteen charge Defendant Klein with assaulting, resisting, and impeding certain law enforcement officers, in violation of 18 U.S.C. § 111(a)(1), the government's burden is limited to proving the following elements beyond a reasonable doubt:

1. First, the defendants assaulted, resisted, opposed, impeded, intimidated, or interfered with officers of the Metropolitan Police Department or the U.S. Capitol Police.

2. Second, the defendants did such acts forcibly.

3. Third, the defendants did such acts voluntarily and intentionally.

4. Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his official duties assisting officers of the United States who were then engaged in the performance of their official duties.

5. Fifth, the defendants made physical contact with a person who was an officer or an employee of the United States who was then engaged in the performance of his official duties or assisting officers of the United States who were then engaged in the performance of their official duties, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the other felony offenses charged in the Fifth Superseding Indictment, specifically 18 U.S.C. § 231 and 18 U.S.C. § 1512.

---

[1] *See, e.g.*, Count One (charging Quaglin with assaulting unnamed officers).

*See* United States' Trial Brief, ECF 679.

Courts have repeatedly held that victim identification is not required when such identification is not an element of the crime.  *See, e.g.*, *United States v. Woods*, 653 F. App'x 193, 200 (4th Cir. 2016) (("Although 'the victim is important in a case of wire fraud,' the specific identity of the victim is not an element of the offense.") (citation omitted); *United States v. Cardenas-Meneses*, 532 F. App'x 505, 510 (5th Cir. 2013) ("The identity of a victim is a non-essential fact because" it is not an element of the offense); *United States v. Banks*, 300 F. App'x 145, 149 (3d Cir. 2008) ("Banks's second superseding indictment is sufficient despite its omission of the victims' full names, as those names – superfluous identifying information – do not constitute elements of the mail fraud offense."); *United States v. Robles-Vertiz*, 155 F.3d 725, 728-29 (5th Cir. 1998); *In re. L.B.*, 73 A.3d 1015, 1020 (D.C. 2013) ("Like threats to do bodily harm, the victim's identity is not a formal "element" of either of assault with intent to commit robbery or assault with intent to kill while armed.") (citations omitted); *Taylor v. State*, No. W2018-00807-CCA-R3-PC, 2020 Tenn. Crim. App. LEXIS 77, 2020 WL 628530, at *3 (Tenn. Crim. App. Feb. 10, 2020) (concluding that because the name of the victim was not an element of attempted first degree murder, the indictment was sufficient to confer jurisdiction on the trial court and to charge an offense); *State v. Taylor*, No. W2013-01820-CCA-R3-CD, 2014 Tenn. Crim. App. LEXIS 839, 2014 WL 4244024, at *2, n.1 (Tenn. Crim. App. Aug. 27, 2014) (finding an indictment for "attempted first degree murder of 'a person whose identity is to the Grand Jurors aforesaid unknown'" was sufficient because "the name of the victim is not an element of attempted first degree murder"), *perm. app. denied* (Tenn. Dec. 18, 2014); *State v. Villegas-Rojas*, 231 Ariz. 445, 447 (Ariz. Ct. App. 2012); *State v. Bell*, 277 Mont. 482, 923 P.2d 524, 528 (Mont. 1996) ("[A]lthough the statute makes it clear the offense of endangerment is reckless behavior placing

another person at risk, it does not require or imply that the name or exact identity of the victim is a necessary element of the offense.").

Here, victim identity is not an element of 18 U.S.C. § 111(a)(1). Therefore, although the government moved to reopen its case-in-chief to identify the victims out of an abundance of caution, the government's identification of the victims in the Fifth Superseding Indictment has no bearing on whether the government has met its burden of proof for these counts.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:     /s/ Ashley Akers
ASHLEY AKERS
MO Bar No. 69601
Trial Attorney (Detailed)
United States Attorney's Office
601 D Street, N.W.
Washington, DC 20001
Phone: (202) 353-0521
Email: Ashley.Akers@usdoj.gov

KAITLIN KLAMANN
Assistant United States Attorney

LAURA HILL
Trial Attorney (Detailed)