## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **FEDERICO GUILLERMO KLEIN**, <br><br> Defendant. | Case No. 1:21-cr-0040-9 (TNM) |

## VERDICT

For the reasons stated in the oral ruling on July 20, 2023, based on the evidence presented in the record, the Court finds the defendant, Federico Guillermo Klein, **GUILTY** beyond a reasonable doubt on the following charges in the Fifth Superseding Indictment, ECF No. 180:

As to Count 9, the charge of forcibly assaulting, resisting, opposing, and impeding an officer and employee of the United States, and of any branch of the United States Government, while such officer or employee was engaged in the performance of official duties, and where the acts involve physical contact with the victim and the intent to commit another felony, in violation of 18 U.S.C. 111(a)(1);

As to Count 17, the charge of forcibly assaulting, resisting, opposing, and impeding an officer and employee of the United States, and of any branch of the United States Government, while such officer or employee was engaged in the performance of official duties, and where the acts involve physical contact with the victim and the intent to commit another felony, in violation of 18 U.S.C. 111(a)(1);

As to Count 19, the charge of forcibly assaulting, resisting, opposing, and impeding an officer and employee of the United States, and of any branch of the United States Government, while such officer or employee was engaged in the performance of official duties, and where the

acts involve physical contact with the victim and the intent to commit another felony, in violation of 18 U.S.C. 111(a)(1) and 18 U.S.C. § 2;

As to Count 27, the charge of forcibly assaulting, resisting, opposing, and impeding an officer and employee of the United States, and of any branch of the United States Government, while such officer or employee was engaged in the performance of official duties, and where the acts involve physical contact with the victim and the intent to commit another felony in violation of 18 U.S.C. 111(a)(1);

As to Count 31, the charge of forcibly assaulting, resisting, opposing, and impeding an officer and employee of the United States, and of any branch of the United States Government, while such officer or employee was engaged in the performance of official duties, and where the acts involve physical contact with the victim and the intent to commit another felony, in violation of 18 U.S.C. 111(a)(1);

As to Count 32, the charge of forcibly assaulting, resisting, opposing, and impeding an officer and employee of the United States, and of any branch of the United States Government, while such officer or employee was engaged in the performance of official duties, and where the acts involve physical contact with the victim and the intent to commit another felony, in violation of 18 U.S.C. 111(a)(1);

As to Count 34, the charge of attempting to and in fact corruptly obstructing, influencing, and impeding an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. § 15–18, in violation of 18 U.S.C. §§ 1512(c) and 2;

As to Count 35, the charge of committing or attempting to commit an act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the performance of his official duties, incident to and during the commission of a civil disorder which in any way obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function, in violation of 18 U.S.C. § 231(a)(3);

As to Count 43, the charge of knowingly and with the intent to impede and disrupt the orderly conduct of Government business and official functions, engaging in disorderly and disruptive conduct in and within such proximity to a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions, in violation of 18 U.S.C. 1752(a)(2);

As to Count 51, the charge of knowingly engaging in an act of physical violence against any person and property in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting, in violation of 18 U.S.C. § 1752(a)(4);

As to Count 52, the charge of willfully and knowingly engaging in disorderly and disruptive conduct within the United States Capitol Grounds and in any of the Capitol Buildings with the intent to impede, disrupt, and disturb the orderly conduct of a session of Congress and either House of Congress, and the orderly conduct in that building of a hearing before or any deliberation of, a committee of Congress or either House of Congress, in violation of 40 U.S.C. § 5104(e)(2)(D); and

As to Count 53, the charge of willfully and knowingly engaging in an act of physical violence within the United States Capitol Grounds and any of the Capitol Buildings, in violation of 40 U.S.C. § 5104(e)(2)(G).

However, for the reasons stated in the oral ruling on July 20, 2023, based on the evidence presented in the record, the Court finds the defendant, Federico Guillermo Klein, **NOT GUILTY** on the dangerous weapon enhancements in Counts 31, 32, 43, and 51, namely 18 U.S.C. 111(b) and 18 U.S.C. § 1752(b)(1)(A).

**SO ORDERED.**


Dated:  July 21, 2023                                      TREVOR N. McFADDEN, U.S.D.J.