IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>v.   )<br>)<br>**FEDERICO GUILLERMO KLEIN,** )<br>)<br>**Defendant.**   )<br>) | Criminal No. 1:21-CR-00040-TNM |

**DEFENDANT FEDERICO KLEIN'S RESPONSE TO
THE GOVERNMENT'S SENTENCING MEMORANDUM**

According to the government's own chart of sentences imposed in cases arising out of the events of January 6 ,2021,[1] only three people have been fined and/or ordered to pay restitution in excess of $5,000.  One of those, William Watson, was ordered to pay $12,000.00 based on the specific cost to replace windows the defendant acknowledged breaking.  *See* Statement of Facts for Stipulated Trial, *United States v. Watson*, No. 21-cr-513 (D.D.C. Nov. 18, 2022) (ECF No. 46).  A second, Julian Elie Khater was ordered to pay a fine of $10,000.00 based on the existence of an investment "fund" account (compared to givesendgo), the details of which neither the defendant nor the Court seemed to know much about.  *See* Sentencing H'rg T., at 123-124, *United States v. Khater*, 21-cr-222 (D.D.C. Feb. 7, 2023) (ECF No. 111).  Finally, Ronald Sandlin was fined $20,000.00 based on funds raised through a givesendgo account, the bulk of which was used for, "commissary and canteen, for making phone calls and for using . . . tablets," as well as funds that were, "given to other inmates for reasons the defense chooses not to disclose."  Minute Order, *United States v. Sandlin*, No. 21-cr-88 (D.D.C. Dec. 14, 2022).  In addition, Mr. Sandlin acknowledged that although the fund was established for the purpose of

---

[1] *Available at* https://www.justice.gov/file/1594006/download.

raising legal fees, in fact he was seeking court-appointed counsel because of his inability to pay. However, Mr. Sandlin explicitly represented in his fundraiser that he would use the money raised for legal fees while simultaneously retaining a court-appointed attorney he knew he would not have to pay. *See Response to Notice Regarding Ability to Pay Fine*, at ¶ 4, No.21-cr-88 (D.D.C. (Dec. 14, 2022) (ECF 098) ("[Mr. Sandlin] has no legal fees to speak of. . . he has enjoyed the service of a court-appointed attorney since Day One of this case. . . thus his donation campaign appears to be based on false pretenses.").[2]

Thus, the government seeks for the Court to apply a fine to Mr. Klein that would exceed the current most expensive fine of any January 6, 2021 convict by over $25,000, and they do so primarily on the basis that Mr. Klein had raised $47,187 to assist in covering his legal expenses. Govt. Sentencing Memo., at 33 (Oct. 27, 2023) (ECF 717). And the government's request is well-above the next highest fine (excluding those referenced herein) of $5,000.00. The government relies on two readily distinguishable authorities in making this demand. First, the government cites the non-binding decision of *United States v. Seale*, 20 F.3d 1279 (3d Cir. 1994), for the proposition that a defendant is using their actions to "capitalize on a crime that intrigue[s] the American public." Govt. Sentencing Memo,, at 33 (Oct. 27, 2023) (ECF 717) (internal

---

[2] Although not included in the government's sentencing chart, defense counsel is also aware of the fine imposed upon Dr. Simone Gold. Dr. Gold was fined $9,500 on June 16, 2022, which reflected the fundraising efforts of Dr. Gold's organization, America's Frontline Doctors, during her trial, which raised over $400,000 at that time solely on the basis of criticizing January 6, 2021 prosecutions and spreading a narrative that the January 6, 2021 defendants were political prisoners being prosecuted solely for their political beliefs. *See* Hannah Rabinowitz, *Doctor known for spreading Covid misinformation is sentenced to prison for role in US Capitol attack*, CNN, https://www.cnn.com/2022/06/16/politics/simone-gold-january-6-covid-us-capitol/index.html (Jun. 16, 2022) ("Your organization is leaving people with the misimpression that this is a political prosecution or that it's about free speech[] [Judge Christopher] Cooper called the fundraising efforts, which have raised more than $400,000, unseemly and a disservice to the true victims that day. (internal quotation marks omitted)).

citations omitted) (quoting *Seale*, 20 F.3d at 1284-86).  However, *Seale* is distinguishable from Mr. Klein's situation, namely in that the capitalization at issue in *Seale* was an admission by one of the defendants that he had, "already authorized an attorney to negotiate the [sale of the] rights to his story to interested publishers or other media enterprises[,]" *Seale*, 20 F.3d at 1283 (internal quotation omitted).

The second authority upon which the government relies is this Court's determination to fine Mr. Klein's codefendant, Mr. Judd, "$5,691, the amount of his total fundraising efforts." Govt. Sentencing Memo., at 33 (ECF 717).  Mr. Judd did not oppose the fine amount, however, because like Mr. Sandlin, Mr. Judd acknowledged that these funds were raised for a legal defense despite having the benefit of appointed counsel.  *See* Sentencing H'rg T., at 62:5-25 *United States v. Judd*, No. 21-cr-40 ("Mr. Judd had nothing to do with [the fundraiser]. . . He was, in fact, incarcerated I think when [his mother] did set it up.  And, again, they didn't go out and actively promote it.  And, you know, it's not like one of these cases where you see people collecting thousands and thousands of dollars.  It's [roughly] $5,000, and they're happy to relinquish it in the amount of a fine.") (D.D.C. Feb. 27, 2023).  *See also id.*, 88:8-11 ("I'm also imposing a fine in the amount [of] $5,691.  The Court determines you do not have the ability to pay interest on the fine and, therefore, waives any interest or penalties that may accrue on the balance.").

In summary, Mr. Klein is unaware of any January 6 defendants who have been ordered to pay fines which exceed $5,000 absent circumstances which involved evidence of significant physical violence or damage to government property, or a showing that the convicted individuals were explicitly making efforts to wrongfully profit off of the crimes for which they were convicted.  *Mr. Klein's* family raised $47,187 for legal fees, a fact not disputed by the

government.  *See generally* Govt. Sentencing Memo., at Exhibit A (Oct. 27, 2023) (ECF 717) (noting that the fund was established by Mr. Klein's family while he was detained).  The government does not, because it can not, cite any evidence for the proposition that Mr. Klein's givesendgo account was established for some pecuniary gain from the offenses for which he has now been convicted.

## CONCLUSION

For the reasons contained herein, Mr. Klein respectfully requests that this Court impose a fine during sentencing based only on his conduct on January 6, 2021, and not based on the fact that his family fundraised for his legal defense.[3]

[SIGNATURE ON NEXT PAGE]

---

[3] The account in question has been closed for some time, with the last donation being made in approximately December of 2021.  Because the account is closed, defense counsel has not been able to obtain records detailing the expenditures, but there is currently a zero balance.  Defense counsel has requested paper copies of the account's statements, and should the Court desire, can provide the Court with an updated accounting as soon as practicable.

Dated: November 3, 2023                     Respectfully submitted,

                                                                    */s/ Stanley E. Woodward, Jr.*
                                        Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                        BRAND WOODWARD LAW, LP
                                        400 Fifth Street, Northwest, Suite 350
                                        Washington, DC  20001
                                        202-996-7447 (telephone)
                                        202-996-0113 (facsimile)
                                        Stanley@BrandWoodwardLaw.com

                                        *Counsel for Defendant Federico Guillermo Klein*

## CERTIFICATE OF SERVICE

On Friday, November 3, 2023, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

                                    */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
400 Fifth Street, Northwest, Suite 350
Washington, DC  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com