IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | Criminal No. 1:21-CR-00040-TNM |
| **v.** ) | |
| ) | |
| **FEDERICO GUILLERMO KLEIN,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### MOTION FOR AN EXTENSION OF TIME WITHIN WHICH TO NOTICE AN APPEAL

Defendant Federico Guillermo Klein, by and through the undersigned counsel, hereby respectfully requests this Court enter an Order pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure extending the time within which Mr. Klein is to notice his appeal by one day, to November 22, 2023.

On July 20, 2023, the Court convicted Mr. Klein of twelve counts related to his participation in the attack of the Capitol Building on January 6, 2021 following a bench trial. On November 3, 2023, the Court sentenced Mr. Klein to Seventy (70) months of incarceration on seven (7) of those Counts; Sixty (60) months of incarceration on one Count Thirty-Five; Twelve (12) Months of incarceration on two Counts; and Six (6) months of incarceration on two Counts, all terms to run concurrently. The Court also imposed Twenty-Four (24) Months of supervised release and imposed both fines and restitution. The Court's judgment was docketed on November 7, 2023. (ECF No. 733).

Pursuant to Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure, a notice of appeal of a district court's judgement in a criminal case must be filed fourteen (14) days from the entry of judgment or the government's filing of a notice of appeal. Here, Mr. Klein was to file a notice of appeal by November 21, 2023 (the government has yet to notice an appeal, although its

deadline to do so is not until thirty (30) days after the entry of the Court's judgement, or December 7, 2023). However, Rule 4(b)(4) provides that the Court may extend the time within which a notice of appeal is filed by up to thirty (30) days upon a finding of excusable neglect or good cause, or until December 21, 2023. Moreover, because Rule 4(b)'s deadlines are not jurisdictional, *see United States v. Byfield*, 522 F.3d 400, 403 n.2 (D.C. Cir. 2008), courts of appeals need only consider the timeliness of an appeal if the party challenging the appeal – here the government – raises the issue to stop the appeal from proceeding. *See United States v. Pribyl*, 2023 U.S. App. LEXIS 23607, at *4 (11th Cir. Sept. 6, 2023).

Here, both excusable neglect and good cause warrant this Court extending the time within which Mr. Klein may file his notice of appeal. In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court articulated that the determination of "excusable neglect," is, "at bottom an equitable one, taking account of all the relevant circumstances surrounding the party's omission." *Id.* at 395. Specifically, the Supreme Court affirmed consideration of, "the danger and prejudice to [non-moving party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

Here, there is no risk of danger and/or prejudice to the government as Mr. Klein filed his notice of appeal one day after the deadline proscribed by Rule 4(b), and well within the thirty (30) days the Court can extend the deadline within which he is required to file any notice of appeal. Similarly, the length of delay warrants a finding of excusable neglect and/or good cause insofar as Mr. Klein filed his appeal within eight (8) hours of Rule 4(b)'s deadline to do so and thus there will be no impact on any judicial proceedings. Finally, defense counsel and his family

have been plagued with the flu for the past week, which precluded defense counsel from communicating with Mr. Klein about all the contours of an appeal, including whether defense counsel would represent Mr. Klein for purposes of such an appeal. These circumstances were certainly not within the control of Mr. Klein and indeed surprising to defense counsel given that his family all received the flu vaccination just prior to the outbreak. Specifically, yesterday, defense counsel's wife succumbed to the flu and defense counsel alone has been responsible for the care of their four children, including a one-year-old with an ear infection (the transcript of a virtual proceeding before Judge Nichols this morning will confirm defense counsel's present dual roles as Judge Nichols asked defense counsel's six-year-old if he agreed with the Court's proposal (he did)).

      To be sure, defense counsel takes seriously the deadline within which Mr. Klein was to file his notice of appeal and the fact that, "inadvertence, ignorance of the rules, or mistakes construing rules do not usually constitute 'excusable neglect.'" *Pioneer Inv. Servs.*, 507 U.S. at 392, *quoted in Gerlich v. United Stateas DOJ*, 2010 U.S. Dist. LEXIS 152688, at *3 (D.D.C. June 4, 2010) (Bates, J.). That said, defense counsel does not expect Mr. Klein's appeal to be frivolous and/or gratuitous, or otherwise unnecessarily tax judicial resources. *See*, *e.g.*, *United States v. Kastner*, 2023 U.S. Dist. LEXIS 111724, at *13-20 (D.D.C. June 28, 2023) (Cooper, J.) (finding no "excusable neglect" where a defendant sought review of a magistrate's imposition of pretrial release conditions numerous times: "In sum, this is the sixth time that one of three judicial officers in this courthouse has been asked to address Kastner's pretrial release condition restricting his ability to possess a firearm while on pretrial release."). And thus, while defense counsel intended to have at least filed this motion before yesterday's deadline, defense counsel did not anticipate being unavailable last evening and was aware that the standard is the same

3

regardless of when a request for additional time is made.  *Compare* Fed. R. App. P. 4(b)(4) (requiring "excusable neglect"), with Fed. R. Crim. P. 45(b)(1)(B) (requiring "excusable neglect" when a motion to extend a deadline is made after the deadline has passed).  Given defense counsel's personal unavailability, the soonest defense counsel could speak with Mr. Klein was this morning, after which defense counsel promptly filed Mr. Klein's notice of appeal.

Accordingly, Mr. Klein respectfully requests the Court enter an Order pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure extending the time within which Mr. Klein may file a notice of appeal to November 22, 2023.

Dated: November 22, 2023           Respectfully submitted,

                                                         */s/ Stanley E. Woodward, Jr.*
                                         Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                         BRAND WOODWARD LAW, LP
                                         400 Fifth Street, Northwest, Suite 350
                                         Washington, DC  20001
                                         202-996-7447 (telephone)
                                         202-996-0113 (facsimile)
                                         Stanley@BrandWoodwardLaw.com

                                         *Counsel for Defendant Federico Guillermo Klein*

## CERTIFICATE OF SERVICE

On Wednesday, November 22, 2023, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

> */s/ Stanley E. Woodward, Jr.*
> Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
> BRAND WOODWARD LAW, LP
> 400 Fifth Street, Northwest, Suite 350
> Washington, DC  20001
> 202-996-7447 (telephone)
> 202-996-0113 (facsimile)
> Stanley@BrandWoodwardLaw.com