**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| | ) Criminal No. 1:21-cr--00040-TNM |
| v. | ) |
| | ) |
| **FREDERICO KLEIN,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**ORDER**

Upon consideration of the Motion and Memorandum of Points and Authorities pursuant to Section 2255 of Title 28 to Vacate, Set Aside and Correct Mr. Klein's sentence, or in the alternative, pursuant to 1343(b) of Title 18 of the United States Code, move for an Order permitting Mr. Klein to be released from detention pending the resolution of his appeal of the convictions in the above-captioned matter, any Opposition filed thereto, any oral argument, it is this _____ day of ____, 2024 , by the United States District Court for the District of Columbia ORDERED that the Defendant Klein's Motion to Vacate, Set Aside, Correct pursuant to Section 2255 of Title 28 is granted, and the following convictions and USSG-based determinations are vacated or corrected as follows:

1) Mr. Klein was convicted of 18 U.S.C. §1512(c)(2), which is hereby vacated per *Fischer v. United States,* 144 S. Ct. 2176 (2024).

2) Mr. Klein was convicted of aggravated assault and subject to the victim related adjustment under the USSG. The application of the aggravated assault guidelines was predicated on 18 U.S.C. §1512(c)(2), and application of the victim related adjustment was predicated on the aggravated assault guidelines, thus both are vacated per *Fischer*. *Id.*

3) Mr. Klein was subject to an upward variance that relied on enhancements disallowed under *United States v. Larry Brock,* 94 F.4th 39 (D.C. Cir. 2024) and relied on interference with an official proceeding disallowed under *Fischer*.

4) Mr. Klein was previously subject to the application of an upward variance on the constructive amendment that imposed a penalty for the group-based threat of injury to multiple officers; however, given the lack of a predicate and the inapplicability of adding a new crime, and the testimony of both Officer Moore and Officer Foulds reflecting that the group Mr. Klein was among did not pose a risk of bodily harm, the upward variance is vacated.

5) Mr. Klein was convicted under 18 USC §1752(a)(2) and (a)(4). This conviction should be stayed, and any reconsideration will be held in abeyance until the decision by the Circuit Court in *United States v. Couy Griffin*.

6) I am applying a two-level discount under USSG §3E1.1(a) Acceptance of Responsibility, due to the undue prejudice from the application of charges that now are vacated, where the conflict of accepting responsibility in the face of the excessive charges would have been detrimental to Mr. Klein, and to deter future inefficiencies by the government.

7) Absent the excessive charges including aggravated assault, Mr. Klein would have received the two-level discount for having a zero-point criminal history and nonviolent assaults that caused no injury; therefore, I am applying the two-level discount.

8) A new sentencing hearing will be held on _____.

_____
The Hon. District Judge Trevor N. McFadden
United States District Court Judge

*Copies to all Counsel via ECF*