UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**  v.  **FEDERICO GUILLERMO KLEIN,**  Defendant. | Case No. 21-cr-40 (TNM) |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 18 U.S.C. § 2255, OR, IN THE ALTERNATIVE, FOR RELEASE PENDING APPEAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant Federico Klein's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, or, in the alternative, Motion for Release Pending Appeal. ECF No. 822-1 (Def. Mot.). As explained below, the Court should stay the resolution of the defendant's section 2255 motion and deny the defendant's alternative motion for release pending appeal.

Following a bench trial, this Court convicted Federico Klein of eleven offenses. He was sentenced to 70-months' incarceration for his actions on January 6, 2021. Following sentencing, Klein appealed the Court's judgment. ECF 735; *United States v. Klein,* 23-3225 (D.C. Cir.). Klein filed his opening brief on August 30, 2024, challenging his conviction under 18 U.S.C. § 1512(c)(2) and two of his convictions under 18 U.S.C. § 111(a)(1). While his appeal remains pending, Klein has now come to this Court to ask it to immediately adjudicate a § 2255 motion challenging, among other issues, his § 1512(c)(2) conviction based on the Supreme Court's ruling *Fischer v. United States*, 144 S. Ct. 2176 (2024), and the guidelines that apply to his 18 U.S.C.

§ 111(a)(1) convictions. He does not allege ineffective assistance of counsel. In the alternative, Klein seeks bail pending appeal.

## LEGAL STANDARD

### I.     18 U.S.C. § 2255

A defendant may move to vacate, set aside, or correct a sentence if he believes the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The relief contemplated by § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). "Because of the premium placed on the finality of judgments, there are limited circumstances under which a court should grant a Section 2255 motion." *Bedewi v. United States*, 583 F. Supp. 2d 72, 76 (D.D.C. 2008) (internal quotation marks omitted).

A defendant bears the burden of demonstrating that he is entitled to relief under § 2255. *See, e.g., United States v. Bell*, 65 F. Supp. 3d 229, 231 (D.D.C. 2014). It is "well-settled" that "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982); *see also United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992). A judgment challenged on collateral attack carries with it a "presumption of regularity," "even when the question is waiver of constitutional rights." *Daniels v. United States*, 532 U.S. 374, 381 (2001) (internal quotation marks omitted).

### II.    Release Pending Habeas Review

In contrast to a request for bail pending a direct appeal under 18 U.S.C. § 3143(b), a request for release pending adjudication of a habeas petition will "'ordinarily [. . .] be measured against a heightened standard requiring a showing of exceptional circumstances.'" *United States v. Kelly*,

2

790 F.2d 130, 139 (D.C. Cir 1986) (quoting *Baker v. Sard*, 420 F.2d 1342, 1343 (D.C. Cir. 1969)). In addition to identifying "exceptional circumstances deserving of special treatment," the petitioner must show that "the § 2255 petition is based on a substantial claim of law." *See United States v. Stottlemyer*, No. CR 21-334-2 (TJK), 2024 WL 1076852, at *3 (D.D.C. Mar. 8, 2024); *Meskel v. United States*, No. CRIM.A. 04-0053 (RMU), 2005 WL 1903375, at *2 (D.D.C. July 13, 2005); *see also United States v. Young*, 249 F. Supp. 3d 11, 13-14 (D.D.C. 2015) (quoting *United States v. Taylor*, 254 F.3d 1080, 1080 (5th Cir. 2001) ("Release pending disposition of a 28 U.S.C. § 2255 motion will be granted only when the petitioner has raised a substantial constitutional claim upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.")). This is a "stringent" standard. *Meskel*, 2005 WL 1903375, at *2 (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *accord Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986) (when requesting bail pending collateral review, the defendant must show "a substantial federal constitutional claim that presents not merely a clear case on the law, but a clear, and readily evident, case on the facts"); *United States v. Roberts*, 250 F.3d 744 (5th Cir. 2001) (petitioner must raise "substantial constitutional claims upon which he has a high probability of success").

"[T]he power to grant bail pending resolution of a § 2255 proceeding is to be exercised very sparingly." *Id.* at 139 (citing *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985)). Very few defendants should be released under this analysis. *See Bruce v. United States*, 256 F. Supp. 28, 29 (D.D.C 1966) (court has inherent authority to admit § 2255 defendant to bail, but it should only be exercised when "exceptional circumstances" have been shown). Cases presenting exceptional circumstances "'are typically limited to situations involving the impending completion of short sentences or grave illness.'" *Stottlemyer*, 2024 WL 1076852 at *5 (quoting *Meskel*, 2005 WL 1903375 at *2); *see also Roberts*, 250 F.3d at 744 (explaining that exceptional circumstances

3

include "serious deterioration of the petitioner's health while incarcerated, short sentences for relatively minor crimes so near completion that extraordinary action is essential to make collateral review truly effective, and extraordinary delay in processing a habeas petition").

## ARGUMENT

I.  **The Court Should Stay Resolution Of The Defendant's Section 2255 Motion And Hold It In Abeyance Until Resolution Of His Pending Appeal**

The Court should stay resolution of the defendant's § 2255 motion and hold it in abeyance pending resolution of his appeal in the D.C. Circuit. Allowing the defendant to litigate in dual forums wastes judicial resources and disrupts the orderly administration of criminal law.

The D.C. Circuit has long recognized that, although there is "no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal[,] . . . the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances." *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968) (footnotes omitted); *see also* Rules Governing § 2255 Proceedings, Rule 5, advisory committee note (noting that "courts have held that [a § 2255] motion is inappropriate if the movant is simultaneously appealing the decision" and citing *Womack*, 395 F.2d at 631).

Concerns with judicial economy underlie this general limitation on permitting a party to litigate in two forums at once. Resolution of the issue on "direct appeal may render the collateral attack unnecessary." *Womack*, 395 F.2d at 631. And limiting litigation of the issue(s) to a single forum avoids the risk of the appellate ruling either mooting or being inconsistent with the district court's order. *See United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002) ("Any concern over such a practice [of proceeding on direct appeal and § 2255 simultaneously] is one of judicial economy and the concern that the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity"); *United States v. Taylor*, 648 F.2d 565, 572 (9th Cir. 1981) (the filing

4

of a direct appeal "severely restricts the filing of a collateral claim with the District Court[] to avoid any anomaly associated with the simultaneous consideration of the same case by two courts").

Here, the defendant's § 2255 motion attacks his § 1512(c)(2) conviction and the guidelines applied to his § 111(a)(1) conviction, both statutes at issue in his appeal. Because resolution of the appeal directly implicates issues contained in the § 2255 motion, this Court should exercise its discretion to stay the § 2255 motion. *See, e.g.*, *United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006) (recognizing that a district court has discretion to stay the § 2255 motion pending appeal where the issues overlap). Nothing in the defendant's § 2255 motion establishes extraordinary circumstances that would warrant permitting him to litigate the same issue(s) simultaneously in two forums. Nor is there anything to suggest that a stay of the § 2255 motion during the pendency of the appeal would result in unfairness.[1] Even if there are other issues raised in the context of the § 2255 that have not yet been addressed by the briefing in the Circuit, it makes absolutely no sense to duplicate efforts—especially those that could have collateral attacks on the same convictions being challenged elsewhere—in this manner.[2]

---

[1] The D.C. Circuit has identified a limited exception to *Womack*'s general rule against simultaneous proceedings. In *United States v. Tindle*, the Circuit permitted consideration of a § 2255 motion based on ineffective assistance of counsel because *Womack*'s general rule against simultaneous proceedings conflicted with other Circuit precedent providing that ineffective assistance of counsel claims should be raised in district court even if a direct appeal is pending. 522 F.2d 689, 689 (D.C. Cir. 1975). Here, however, the § 2255 motion is not based on ineffective assistance of counsel, and there are no extraordinary circumstances to warrant simultaneous litigation in Klein's case.

[2] Respectfully, some of the other issues raised in the § 2255 also make little sense. For example, the defendant questions the implications of *United States v. Larry Brock*, 94 F.4th 39, 48 (D.C. Cir. 2024), despite the fact that this very Court did not apply the enhancements at issue in *Brock*. *See* ECF No. 822-1 at 10. The defendant also seeks "abeyance" of the "conviction" (at 14), despite the fact that his convictions are currently on appeal. The remaining challenges (at 23-28) appear to be a screed against perceived injustices during the course of his prosecution, including a laundry

Therefore, this Court should stay the defendant's § 2255 motion and hold it in abeyance pending resolution of his direct appeal.

## II. The Court Should Deny The Defendant's Motion For Release Pending Appeal

Under 18 U.S.C. § 3143(b)(1)(A), a defendant may be released pending appeal if he shows by clear and convincing evidence that he is not likely to flee or pose a danger to the community. The defendant must further show that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (1) reversal, (2) an order for a new trial, (3) a sentence that does not include a term of imprisonment, and (4) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal. 18 U.S.C. § 3143(b)(1)(B). However, 18 U.S.C. § 3143 does not apply to proceedings pursuant to 28 U.S.C. § 2255. *See United States v. Stottlemyer*, 321-cr-332 (TJK), 2024 WL 1076852 at *3 (D.D.C. Mar. 8, 2024) (Kelly, J) (*citing Meskel v. United States*, 4-cr-53 (RMU), 2005 WL 19303375 at *1 n.1 (D.D.C. July 13, 2005); *United States v. Lorenzana-Cordon*, 3-cr-331 (CKK), 2022 WL 17039192, at *1 (D.D.C. November 17, 2022)).

To prevail on a motion for bail pending a motion under 28 U.S.C. § 2255, the defendant must show not only that "the § 2255 petition is based on a substantial claim of law" but also that "the motion for bail is based on exceptional circumstances deserving of special treatment. *See Stottlemyer*, 2024 WL 1076852 at *3; *Meskel*, 2005 WL 19303375, at *2; *see also United States v. Young*, 249 F. Supp. 3d 11, 13-14 (D.D.C. 2015) (*quoting United States v. Taylor*, 254 F.3d 1080, 1080 (5th Cir. 2001) ("Release pending disposition of a 28 U.S.C. § 2255 motion will be granted only when the petitioner has raised a substantial constitutional claim upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which

---

list of grievances that have appear to have no bearing on the Court's findings, the Court's sentence, and the underlying rationale for its sentence.

make the grant of bail necessary to make the habeas remedy effective.")). Very few defendants should be released under this analysis. *See Bruce v. United States*, 256 F. Supp. 28, 29 (D.D.C 1966) (court has inherent authority to admit § 2255 defendant to bail, but it should only be exercised when "exceptional circumstances" have been shown); *United States v. Kelly*, 790 F.2d 130, 129 (D.C. Cir 1986) (A release request in such proceedings will, however, 'ordinarily [. . .] be measured against a heightened standard requiring a showing of exceptional circumstances.'" (*quoting Baker v. Sard*, 420 F.2d 1342, 1343 (D.C. Cir. 1969))); *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985) (granting bail pending resolution of a § 2255 proceeding is to be exercised very sparingly). Here, the defendant is unable to meet the demanding standard required for collateral attacks.

In the context of § 3143(b)(1)(B), the D.C. Circuit has expressly concluded that a "substantial question" is more than just a "fairly debatable" one, a "fairly doubtful" one, or "one of more substance than would be necessary to a finding that it was not frivolous." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). Here, a "more demanding standard" controls: "a substantial question is a close question or one that very well could be decided the other way." *Id*. at 555-56; *accord Martin*, 801 F.2d at 329 (when requesting bail pending collateral review the defendant must show "a substantial federal constitutional claim that presents not merely a clear case on the law, but a clear, and readily evident, case on the facts").

First, the defendant appears to argue—though never explicitly says—that *Fischer v. United States*, 603 U.S. __, 144 S. Ct. 2176 (2024); *United States v. Brock*, 94 F.4th 39, 51 (D.C. Cir. 2024); and *United States v. Griffin*, D.C. Cir. Case No. 22-3042 (which is presently pending before the Circuit) serve as his substantial questions of law. ECF 822-1 at 2. And courts have generally found that *Fischer* (before *certiorari* and after pronouncement) constituted a substantial of question of law. However, the defendant fails to meet his burden to demonstrate that the other

issues raised in his motion constitute substantial questions of law. Indeed, they do not – particularly when (1) the Court here did not apply the sentencing enhancements discussed in *Brock*, and (2) *Griffin* remains pending before the Circuit, and, even if *Griffin* were to be decided in a favorable manner to defendant Griffin, it is unlikely to impact this case, because it was proven beyond a reasonable doubt that Klein was aware of the Vice President's presence at the Capitol on January 6, 2021. *See, e.g.*, Def. Mot. at 11 (citing the Court's statements at the sentencing hearing indicating that the government "persuasively demonstrated" that Klein closely followed the certification process and that he expected Vice President Pence to refuse to certify the election).

Second, Klein falls far short of demonstrating that his "motion for bail is based on exceptional circumstances deserving of special treatment." *See Stottlemyer*, 2024 WL 1076852 at *3. "Examples of 'extraordinary circumstances include serious deterioration of the petitioner's health while incarcerated, short sentences for relatively minor crimes so near completion that extraordinary action is essential to make collateral review truly effective, and extraordinary delay in processing a habeas petition.'" *United States v. Roberts*, 250 F.3d 744, 2001 WL 274751 at *1 (5th Cir. 2001) (*quoting Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974)); *see also Meskel*, 2005 WL 1903375, at *2 (exceptional circumstances are typically limited to situations involving impending completion of short sentences or grave illness). None of those apply here.

In his motion, Klein does little to justify that his circumstances are exceptional; rather, he retreads several substantive arguments relating to the sentencing guidelines[3] that have already been

---

[3] These types of arguments related to the sentencing guidelines, which constitute a substantial portion of Klein's grievances, are not properly raised in a § 2255 motion. Indeed, Klein cannot argue *Brock* presents a substantial question of law here because alleged errors in sentencing guideline calculations are not cognizable under § 2255. *See United States v. Santay-Rosales*, No. 20-cr-243 (RCL), 2023 WL 5221249 at *4 n.1 (D.D.C. August 15, 2023) (Lamberth, J.); *United States v. Folk*, 954 F.2d 597, 604 (3d Cir. 2020) (declining to find that a sentencing guidelines claim is cognizable under § 2255 and noting that nearly every other circuit court of appeals has held or suggested that guidelines claims are not cognizable under § 2255) (collecting cases).

expressly considered by this Court, raises new arguments that have no legal or factual basis, *e.g.*, Klein now indicates that he should receive a two-level reduction under U.S.S.G. § 3E1.1(a) as an equitable measure, *see* Def. Mot. at 29, and generally complains that he believes his case has proceeded inefficiently, *see id.* But these complaints are a far cry from demonstrating his case is an exceptional one that warrants the relief sought.

Moreover, even assuming a successful challenge to the defendant's § 1512 conviction (the only question that is arguably a "substantial" one here), there is no reason to believe that Klein's guidelines would meaningfully change without the § 1512 conviction. Klein would remain incarcerated on the ten other counts of conviction, six of which are felony offenses for which he was sentenced to 70 months of incarceration on each of the *five* § 111(a)(1) counts and 60 months of incarceration on the § 231(a)(3) count (to run concurrently). *See* ECF No. 733;[4] *see also United States v. Alan Hostetter*, 21-cr-392-RCL, ECF 507, at *4-5 ("The Court may still consider Mr. Hostetter's serious conduct on January 6th, 2021 in its entirety, even if the court of appeals concludes that this conduct no longer constitutes a crime under 18 U.S.C. § 1512. To reduce his sentence from 135 months to 12 months would require this Court to take a drastically different view of Mr. Hostetter's conduct.").

Thus, releasing the defendant at this time based on undeveloped, generic, and already-rejected arguments that fall far short of demonstrating that Klein faces "exceptional circumstances" would be inappropriate. Moreover, releasing the defendant when he is apparently not contesting at least eight of his counts of conviction, and for which he has been sentenced to a significant term of incarceration on those convictions, is not appropriate even under the more lenient Section 3143(b)(1) standard. *See Aronson v. May*, 85 S. Ct. 3 (1964) (defendant was

---

[4] Klein was also sentenced to twelve months each on two Class A misdemeanors and six months each on two Class B misdemeanors.

9

required to present "substantial" challenge to his conviction's validity when requesting bail during collateral review); 18 U.S.C. §3143(b)(1)(B) (requiring that the appeal be likely to result in reversal, an order for a new trial, or a new lesser sentence).

Therefore, we respectfully request that the Court stay the resolution of the defendant's section 2255 motion and deny the defendant's alternative motion for release pending appeal.

Respectfully submitted,

DATED: October 7, 2024

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ Ashley Akers
ASHLEY AKERS
MO Bar No. 69601
Senior Trial Counsel, Detailee
601 D Street NW
Washington, DC 20001
(202) 353-0521
Ashley.Akers@usdoj.gov